WITTERS, Receiver, *v.* SOWLES, Ex'r, and another, Trustee, and another.

*(Circuit Court, D. Vermont. November 11, 1887.)*

EXECUTORS AND ADMINISTRATORS—DEBTS OF DECEDENT—RESIDUARY LEGACY.
  The levy of an execution upon property of a testator in the hands of the residuary legatee, to satisfy a debt of the testator, will be vacated where it is shown that the executor still has in his hands property of the estate not yet surrendered to such residuary legatee.

In Equity.
For statement of the facts of this case, see *Witters* v. *Sowles, ante,* 130.
*Chester W. Witters,* for orator.
*Edward A. Sowles* and *Kittredge Haskins,* for defendants.

WHEELER, J. Final decree against the estate of the testator in the hands of the executor, and in default of payment therefrom against the same in the hands of the trustee, and in default of payment therefrom against Susan B. Sowles, according to the decision on final hearing,

has been entered herein. *Witters* v. *Sowles, ante,* 130, 139. On default of payment execution has been taken out running against the goods, chattels, or lands of the testator in the hands of the executor, and for want thereof against any such in the hands of the trustee, and for want thereof against the goods, chattels, or lands of Susan B. Sowles. The marshal has levied the same upon lands of the testator in the hands of the trustee, and threatens to sell the same to satisfy the decree. The defendants have moved to set aside the levy on the ground that there are lands of the testator in the hands of the executor which ought to go first to satisfy the decree, and which were pointed out to the marshal to be taken for that purpose. There is no question, and none is made, but that it is within the power of the court to vacate the levy for this cause. *Krippendorf* v. *Hyde,* 110 U. S. 276, 4 Sup. Ct. Rep. 27; *Covell* v. *Heyman,* 111 U. S. 176, 4 Sup. Ct. Rep. 355. It is manifest that the assets in the hands of the executor ought to be exhausted before those in the hands of the trustee are taken; for the liability on which the decree is founded accrued against the former, and the latter could be holden to satisfy it only for want of the former.

The only question there is, therefore, on this motion, is whether the lands pointed out are of the estate of the testator in the hands of the executor. That they were of the estate of the testator is not disputed; therefore the question is narrowed down to whether they are in the hands of the executor. The creditors of the testator had the first lien upon the assets of this estate. That was provided for by the bond of the executor pursuant to the laws of the state. Rev. Laws, § 2067. Susan B. Bellows was residuary legatee. The executor was executor of her will, and Margaret B. Sowles was residuary legatee in that. The probate court found that there were sufficient assets to pay the debts and legacies, and leave a large amount for the residuary legatee, and thereupon decreed that the executor pay the debts and legacies, and decreed the residue to the estate of Susan B. Bellows as the residuary legatee; and at the same time that court decreed that the executor pay all her debts and legacies, and decreed the residue to Margaret B. Sowles, residuary legatee. These decrees settled the liability of the executor for the debts and legacies. *Weeks* v. *Sowles,* 58 Vt. 696, 6 Atl. Rep. 603. They left the estate in the hands of the executor to pay the debts and legacies from, and settled the right of the residuary legatee to the residue after such payment, but left the adjustment of that to her and the executor. It appears in the case that the debts and legacies are not all paid. The executor has the right, under the laws of the state, to hold possession of the real estate so long as may be necessary for the purposes of making payment. Rev. Laws Vt. §§ 2182, 2185. He may also surrender the same to a devisee during the progress of the settlement. Section 2185. *Dunbar* v. *Dunbar,* 3 Vt. 472; *Lyman* v. *Webber,* 17 Vt. 488.

The orator sets forth that the lands pointed out as in the hands of the executor have been by him surrendered to the residuary legatee by virtue of his authority as executor, and that thereby they have ceased to be in his hands as executor. The only evidence in the case bearing upon

this point, directly, is that of the residuary legatee herself. She testifies in answer to interrogatory 100 that the real estate was not transferred to her; in answer to interrogatory 110, that she assumed control of the house where she lives; in answer to interrogatory 114, that this is all the real estate she has had anything to do with since the decrees; in answer to interrogatory 241, that she has received farms towards her legacy of $20,000; and in answer to interrogatory 324, that the executor has in his hands the other real estate. Nothing has been pointed out or observed to contradict this testimony. It is not understood that the real estate pointed out to the marshal includes any of these farms, or the place mentioned as the place where she lives. This is not, however, very clear. If not, it is found to be in the hands of the executor, and should be exhausted for the purpose of satisfying the decree before taking the assets in the hands of the trustee. She joins with the others in setting up in this motion that this real estate is still in the hands of the executor. This would estop her from afterwards claiming that it was not, but was included in that surrendered to her, if she made the motion herself, or it was done by her authority. The motion is signed by her husband as solicitor. He is the executor, and in a somewhat adversary position. There might be a question about his authority, and none should be left about her renunciation of this property for this purpose. As trustee she appears to be entitled to have the levy suspended until the real estate pointed out is exhausted, when her renunciation is made clear. This can be done by filing an acknowledgment that the motion is made with her authority.

Let an order be entered that on the filing of an acknowledgment by Margaret B. Sowles, taken by a notary public, that this motion is made by her authority, if done within six days, the levy heretofore made be suspended until the estate named in the motion as being in the hands of the executor is exhausted.