## WEDEKIND *v.* SOUTHERN PAC. CO.

*(Circuit Court, D. Nevada.   October 1, 1888.)*

REMOVAL OF CAUSES—TIME OF APPLICATION.

> In an action begun in a state court defendant was by state statute required to answer the complaint on or before May 1, 1888. On May 1st defendant appeared specially in the case, and moved to set aside the service of summons, but neither sought nor obtained any rule or order of court extending its time to plead to the complaint. The motion to quash the service of summons was heard, and taken under advisement by the court, May 28th. While the same was so under advisement, on May 31st, defendant filed its general answer to the complaint, and at the same time filed its petition and bond on removal to this court. On motion to remand, *held,* that the case must be remanded; the petition and bond not having been filed in the state court at the time defendant was by law required to answer or plead to the complaint; no extension of time having been granted by any rule or order of said state court.[1]

*(Syllabus by the Court.)*

On Motion to Remand.

*John F. Alexander* and *R. H. Lindsay,* for motion.

*J. B. Marshall* and *Baker & Wines, contra.*

SABIN, J.   The plaintiff in this action is a citizen and resident of the state of Nevada. The defendant is a corporation organized under the laws of the state of Kentucky, and is the lessee of the Central Pacific Rail-

---

[1]As to what is the proper time for filing an application for removal of a cause from a state to a federal court, see Whelan v. Railroad Co., 35 Fed. Rep. 849, and note.

road; a line of road extending from San Francisco, Cal., to Ogden, Utah. The action is brought by plaintiff to recover from defendant the sum of $77,000 damages alleged to have been sustained by plaintiff on account of injuries by him received December 22, 1887, by reason of defendant's negligence and carelessness in transporting plaintiff as a passenger over said railroad, in Washoe county, state of Nevada. The action was begun in the proper state court, in Washoe county, April 21, 1888, by the filing of a complaint and the issuance of summons thereon on said day. On the same day, the sheriff of said county personally served said summons, together with a certified copy of the complaint, on H. W. Higgins, "agent of defendant," at said county, as appears by the sheriff's return upon said summons. Higgins was defendant's freight agent at Reno, in said county. The summons, and statute of Nevada applicable thereto, required the defendant to answer said complaint within 10 days after the date of service thereof, exclusive of the day of service. This would have required the defendant to appear and plead to said complaint on or before May 1, 1888. On said May 1st defendant appeared specially in said court, by motion to set aside the service of the summons as insufficient. This motion was supported by affidavits. On May 28th this motion was heard by the court, both parties being present by their attorneys, and was taken under advisement by the court. It is conceded that this motion was never decided by the court. On May 31st, and while said motion was still pending, defendant filed, in said court, its general answer to the complaint, and at the same time filed a petition and bond for the removal of the cause to this court. The ground of removal relied upon is that of the citizenship of the parties, plaintiff being a citizen of Nevada, defendant of Kentucky. Defendant failing to produce a perfect record of the case in this court, the plaintiff caused the same to be filed here, and now moves the court to remand the case to the state court for trial, under the provisions of section 3 of the act of congress of March 3, 1887, relative to removal of causes. The portion of said section, applicable to this motion, reads:

"That whenever any party entitled to remove any suit mentioned in the next preceding section, except in such cases as are provided for in the last clause of said section, may desire to remove such suit from a state court to the circuit court of the United States, he may make and file a petition in such state court at the time, or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court to be held in the district where such suit is pending; and shall make and file therewith a bond," etc.

In this case, as we have seen, the state statute required the defendant to plead to the complaint on or before May 1, 1888. It is true that on that day the defendant specially appeared in the state court, and moved to set aside the service of the summons. But this, in itself, in nowise extended defendant's time to answer or plead to the complaint, without an order or rule of court extending such time. The record does not show that any such rule or order was asked or obtained, nor is it sug-

gested that there is any error in the record in this respect. We have carefully examined the rules prescribed and adopted by the district judges of this state for the conduct of business in their courts, and nowhere in the 35 rules by them adopted can we find any suggestion that a motion of this kind has the force or effect of extending indefinitely, or at all, the moving party's time to plead. Doubtless, in any proper case, the court would, upon motion, grant an extension of time to plead, pending the consideration of an important preliminary motion. But in this case no such request was made, or extension obtained, and we know of no reason why plaintiff might not have entered defendant's default on May 2d for want of a plea, answer, or demurrer. Were we to consider defendant's motion as a special plea, or in the nature of a special plea to the jurisdiction of the court, then defendant's position is no better, as the petition and bond for removal should have been filed contemporaneously with such plea.

We do not, however, consider this motion as a plea. It was simply a motion. It might have been made and heard in the state court, or in this court, just as defendant may have preferred. It was preferred that it be heard in the state court, and the petition for removal was not filed until 30 days after the date of motion, and no extension of time to plead was sought or obtained, and that time expired May 1st, unless extended by order of court, or by stipulation of parties. The object of this provision of section 3 is obvious. It was intended to compel parties to decide, *in limine*, in what court they wish the trial of the case to be had, and to make them abide by such decision. It would seem unnecessary to review at any length the rulings of the courts, supreme or circuit, upon the removal of causes either under the act of 1875 or that of 1887. They are uniform in holding parties to a strict compliance with the terms of the statutes. The jurisdiction of the circuit court is special, and it must clearly appear in all cases, affirmatively; not presumptively. The record in this case falls far short of this. It is not clear how the answer came to be filed May 31st, while the court was still considering the motion to quash the service of the summons; nor is it explained in the arguments submitted. The record should show affirmatively that it was filed within the statutory time.

We have been strongly urged by defendant's counsel to consider, upon its merits, this motion, made in the state court, to quash the service of the summons in this action; and a large part of their brief is devoted to that subject,—the sufficiency of the service upon the agent Higgins. We cannot consider this matter at all upon this motion to remand. The motion to quash the service of summons was never before us. It was argued and submitted in the state court. And its decision now is wholly immaterial, for defendant has voluntarily appeared in the case, without reserve, and filed its general answer to all of the issues tendered by the complaint. This waives any irregularity of service of summons, if any there was, and the motion to quash the service has now no significance. The motion to remand the case to the state court must be granted, and it is so ordered, with costs.