McDONALD *et al.* v. HOPE MIN. Co.

*(Circuit Court, D. Montana.* November 16, 1891.)

1. REMOVAL OF CAUSES—TIME OF FILING PETITION—DEMURRER.

As the removal act requires the petition to be filed at or before the time "defendant is required by the laws of the state" to answer, the filing of a demurrer, instead of an answer, as allowed by Comp. St. Mont. p. 81, § 87, does not enlarge the time for filing the petition; for the allowance of an answer after demurrer is within the discretion of the court, and is not in accordance with any provision of law.

2. SAME—RULE OF COURT.

The time allowed by the court for answering, after the overruling of such demurrer, is not "the time * * * defendant is required * * * by a rule of the state court * * * to answer," within the meaning of that clause of the removal act; for that has reference only to jurisdictions where the time to answer is fixed by a general rule of court instead of by statute.

In Equity. On motion to remand.

*Wm. Scallon, F. W. Cole,* and *H. F. Titus,* for plaintiffs.

*Forbis & Forbis,* for defendant.

KNOWLES, J. This cause is presented on a motion to remand the same to the state court, on the ground that the petition for removal was not filed within the time prescribed by law. Plaintiffs commenced their action by filing their complaint against defendant on the 3d day of January, 1891, in the district court of the third judicial district of the state of Montana, in and for Deer Lodge county. Summons was duly issued upon this complaint, and served upon the defendant on the 20th day of January, 1891. Defendant appeared in the cause on the 22d day of said month, two days after said service, by filing a general demurrer to the complaint, specifying that the complaint did not state facts sufficient to constitute a cause of action. There seems to have been no ruling upon this demurrer. On the 5th day of June, of the same year, defendant filed its petition for removal from the above state court to this. The law of Montana requires that the defendant in a cause, if served in the county in which the same is commenced, must appear and answer the complaint within 10 days from the date of service of summons. Defendant was served in the county in which the action was brought. The language of the act of congress of 1887, and as corrected by the act of 1888, upon the subject of the removal of causes from the state court to the federal courts, contains this clause as to the time when the petition for removal should be filed: "At the time or any time before the defendant is required by the laws of the state, or a rule of the state court in which suit is brought, to answer or plead to the declaration or complaint of the plaintiff." It would seem that, taking the state statute as to the time when a defendant is required to answer after service of summons, and this provision upon removal, and there cannot be much dispute as to the time when the petition for removal should be made. The party is required by the law of the state to answer within 10 days after service of summons, and the statute of congress provides that when this time arrives, as provided by the state law, the petition for removal shall

be made. Counsel for defendant contend, however, that by the provisions of section 87, p. 81, Comp. St. Mont., defendant was not required to answer on the expiration of said 10 days, but could demur. This provision reads as follows: "The defendant may demur to the complaint within the time required in summons to answer," etc. 'Still this provision does not change the time prescribed by the statute. It only allows the defendant at that time to substitute a demurrer. It is not said by this provision of the statute the time for answering is changed or extended. Upon the overruling of the demurrer, the right to answer is a matter within the discretion of the court. *Thornton* v. *Borland*, 12 Cal. 439; *Barron* v. *Deleval*, 58 Cal. 95; *Alley* v. *Nott*, 111 U. S. 472, 4 Sup. Ct. Rep. 495. The answering, after the overruling of a demurrer, is not then in accordance with a provision of law, but in accordance with a discretionary order of court granted upon motion.

The next point presented is, would the answering, after the overruling of a demurrer, be an answer in accordance with a rule of a state court, as that term was understood in the act of congress? In the case of *Spangler* v. *Railroad Co.*, 42 Fed. Rep. 305, PHILIPS, J., says:

"But the rule of court was not intended by congress, in my opinion, to apply to such a provision as that found in the Missouri statute, 'unless longer time be granted by the court.' It clearly has reference to those states where no time is fixed by the statute for answering, but under the law the court, by rule, prescribes the time, which is the case in some states."

In those states where the time for answering is prescribed by a rule of court, it would seem that the petition should be filed at the expiration of such time. But if a defendant should substitute a demurrer for an answer, and this should be overruled and permission given to answer, in those states where this rule prevails could this last time for answering be the one at which the defendant could file his petition for removal? Also, if it was so held, would there not be two times in such states when a defendant could by a rule of court file such a petition? It would seem to me that this is evident. It seems quite certain, however, that congress intended to fix a definite time in which such a petition could be filed, and not to allow one period for filing the same under a statute in one state, and two periods for the same under rules of court in another state. The time fixed by the statute, or the rules of the courts, where there are no statutes, becomes a part of the act of congress upon this subject. The views here expressed are in accordance with those of Judge SAWYER, of this circuit. In the case of *Austin* v. *Gagan*, 39 Fed. Rep. 626, he said:

"The statute means at any time before the defendant is required to answer by the laws of the state, when the time is specifically regulated by the statute, and by the general rules of practice governing the matter, adopted by the courts where the matter is thus regulated, instead of by specific statute of the state,—not within the time provided by special orders extending the time on application by or stipulations of the parties."

The time allowed for a party to answer upon the overruling of a demurrer is a special order. It applies to one case.

Said PHILIPS, J., also in the case of *Spangler* v. *Railroad Co.*, *supra:*

"If the time for removal can be made to depend upon action, capricious or otherwise, of the state judge in extending it for a month or six months, there would be no uniformity, no certainty, in the law of removal. It would in the state court, in the same jurisdiction, be one time for one defendant, and another time for another defendant, wholly dependent upon the discretion or humor of the court at the return time. The evident policy of congress in this enactment was to make certain, fixed, and definite the time of such removal, and to hasten trials, and not to permit hurtful delays by removals. Recognizing the fact, as the lawyers of the committee who framed the law did, that in some of the states the time for pleading by defendants summoned to court was wholly regulated by positive rule of the court, in the absence of a stated statutory time, they employed the term 'rule of the state court.' "

These decisions appear to me to interpret the statute concerning removals under consideration correctly, and, in accordance with them, the answering after overruling a demurrer is not answering under a rule of court, as that term was understood in the statute under consideration.

Dillon on Removal of Causes (section 118) says upon this point:

"In other words, it is the evident design of the statute that the petition must be filed not later than the time when the defendant is required to make his first responsive allegation to the initiatory pleading on the part of the plaintiff, whether his response takes the form of a plea (such as the general issue) or a demurrer, or an answer under the reformed codes of procedure, or in equity."

In the case of *Alley* v. *Nott*, 111 U. S. 472, 4 Sup. Ct. Rep. 495, the supreme court holds that a hearing of a general demurrer to a complaint, such as this one, interposed in this case, is a trial of a cause on its merits. If a party can petition for the removal of a cause after a trial under the statute of 1887, he has a greater privilege guarantied to him thereunder in some respects than under the statute of 1875. All the authorities agree that this was not intended by congress. There are two or three circuit court decisions that appear to hold a contrary view to that I have expressed, and the decisions I have followed, but I believe that the correct rule will be found to be that a person must petition for a removal, under our statute, at the time the statute designates as the time for answering the complaint. The motion to remand the cause is hereby sustained, and the cause is remanded to the court from which it was removed.