## LEDERER v. SIRE.

(Circuit Court, S. D. New York. October 16, 1900.)

REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—DEFAULT OF ONE DEFEND-
ANT.

Where one of two defendants in an action in a state court, who is a necessary party, is a citizen of the same state as the plaintiff, his suffering a default to be taken against him does not eliminate him from the controversy, so as to render the cause removable by his co-defendant on the ground of diversity of citizenship.[1]

On preliminary objection to plaintiff's motion for injunction pendente lite and application to vacate temporary stay, and on motion for preliminary injunction.

Roger M. Sherman, for plaintiff.
Robert C. Beatty, for defendant.

LACOMBE, Circuit Judge. Too little time intervenes between the submission of the briefs on this preliminary objection and the hour fixed for the hearing of the principal motion to prepare an opinion. The objection is that two certain dispossess proceedings heretofore begun in the state court, and in which the petitions, etc., for removal were filed, have not been removed to this court, and therefore the court may not, under section 720, Rev. St. U. S., enjoin the further prosecution of such proceedings in the state court. The complainant in the dispossess proceedings (defendant here) is a citizen of New York. The complainant in this suit is one of the defendants in the dispossess suit, and is a citizen of New Jersey. The other defendant in the dispossess suit—one Gall—is a citizen of New York. The petitions for removal in the dispossess proceeding were filed more than 20 days after answer was due and answers had been served. Subsequently Gall withdrew his answer, and gave notice that he was prepared to suffer default: that he should not contest the plaintiff's right to the relief prayed for; whereupon petition for removal was filed. The complainant here contends that the time allowed for removal should be 20 days from the disappearance of Gall from the controversy, because then for the first, as he contends, was there a controversy between citizens of different states, where the defendant was a nonresident, and entitled to removal. The authority cited—Powers v. Railroad Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673—entirely supports the contention that the time is to be reckoned from the date when the situation first becomes such as to entitle a party to remove. The difficulty here is, however, that the withdrawal of Gall's answer did not make the case a removable one. It is not disputed that Gall was a necessary party, nor that, while he remained in the case, his citizenship is such that the other parties defendant may not remove. The only question is, does he, by failure to answer, by suffering a default, by ceasing further contention with the complainant, eliminate himself

[1] Diverse citizenship as ground for federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249: Mason v. Dullaghan, 27 C. C. A. 298; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 479.

105 F.—34

from the controversy, so as to make a case of removal? In view of the decisions of the supreme court in Putnam v. Ingraham, 114 U. S. 57, 5 Sup. Ct. 746, 29 L. Ed. 65, Brooks v. Clark, 119 U. S. 502, 7 Sup. Ct. 301, 30 L. Ed. 482, and Wilson v. Oswego Tp., 151 U. S. 66, 14 Sup. Ct. 259, 38 L. Ed. 70, the answer to this question must be in the negative. The withdrawal of the answer has not eliminated Gall from the cause, and therefore we have citizens of New York on both sides of the controversy presented in the complaint in dispossess proceedings, and the nonresident defendant is not entitled to remove. To this extent, therefore, the preliminary objection is sustained, and the order for a temporary stay is modified by striking therefrom in its entirety the first paragraph thereof, found in folios 5 and 6, and by striking from the third paragraph thereof the words "special proceeding removed as aforesaid to this court or any." The hearing as to the rest of the motion, namely, whether, upon the facts presented by the complaint and moving papers, the defendant shall be enjoined from instituting new summary proceedings, will be heard at the time and place already fixed.

(October 17, 1900.)

Examination of the authorities referred to has not satisfied the court that the modification of the restraining order made yesterday should be disturbed. As to so much of the restraining order, however, as still remains in force, if the affidavit of Bernard, which was to be submitted this morning, shall contain a categorical denial of the statements in defendant's affidavits touching negotiations for four months' extension, the stay will be continued until final hearing, or further order of the court, provided complainant shall (1) perfect the security heretofore ordered; (2) pay forthwith into the hands of the clerk of this court the amount of the rent stipulated by the lease for the months of September and October; (3) promptly, month by month, hereafter pay into the hands of the clerk of this court the amount of the monthly rent stipulated by the lease,—all moneys so paid to the clerk to be held to abide the event of the litigation; (4) upon the joinder of issue proceed forthwith to the taking of his proofs, and complete the same within the time specified by the rule.