## LATHROP-SHEA & HENWOOD CO. v. PITTSBURG, S. & N. R. CO. et al.

### (Circuit Court, W. D. New York. March 7, 1905.)

FEDERAL COURTS—REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

Where, in an action against a railroad and a construction company for services under a contract made between plaintiff and the latter, the citizenship of the construction company only was diverse, and plaintiff alleged in a single cause of action that he performed services and furnished material for the railroad company, and that the construction company acted as agent of the railroad company, and sought to recover against defendants jointly, the complaint did not allege a separable cause of action, and the action was not, therefore, removable.

[Ed. Note.—Separable controversy, ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

Motion to Remand Action to the State Court.

Bushnell & Metcalf, for plaintiff.

C. Walter Artz, for defendant Interior Construction & Improvement Company.

HAZEL, District Judge. The facts, stated in a few words, are as follows: The plaintiff, a domestic corporation, brings this action to recover on contract against the Pittsburg, Shawmut & Northern Railroad Company, a domestic corporation, and the Interior Construction & Improvement Company, a corporation organized under the laws of the state of New Jersey. The action was originally instituted in the state court by personal service of the process upon the defendant railroad company, and by substituted service upon the defendant construction company. Thereupon a motion was made in the state court to set aside the substituted service, which was denied. This decision being affirmed on appeal by the Appellate Division (91 N. Y. Supp. 1101), the defendant construction company removed the action to this court under the act of March 3, 1875, c. 137 (18 Stat. 470), as amended by act approved August 13,

1888 (25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 507]), on the ground that it is a separable controversy, wholly between citizens of different states. This proposition is controverted by the plaintiff. The complaint in one cause of action substantially alleges that plaintiff performed services and furnished materials for the railroad company, though the contracts for such services, etc., were made with the defendant construction company, which acted as agent for and representative of the railroad company. This is an action at law, and hence the rules of pleading in force in the courts of the state of New York are binding upon this court. As indicated in the complaint, the plaintiff in a single cause of action has elected to pursue its remedy against the defendants jointly. A joint recovery is demanded, the contention being either that the contracts in suit were binding upon both defendants or upon the railroad company alone or upon the construction company alone. The case of Tew v. Wolfsohn, 174 N. Y. 272, 66 N. E. 934, recently decided by the Court of Appeals, is strongly analogous. In that case a joint recovery for breach of contract was sought by the plaintiff against the defendants, who were husband and wife. A demurrer to the complaint was interposed by the husband on the single ground that several causes of action were improperly joined in the complaint. It was held through O'Brien, J., that as it was alleged in the complaint that the defendants entered into a contract the complaint was not demurrable, although it appeared from the body of the pleading that the husband conducted the business as agent for the wife. The pith of the complaint was that the husband pretended to conduct the business in his own behalf without disclosing his said wife as principal. There was much discussion upon the point that the wife was an undisclosed principal and joint recoveries could not be had; but that fact, in the opinion of the court, did not change the legal effect of the allegation that the husband acted merely as agent. The court used this language:

"It was quite possible and competent for the husband when making the contract to bind himself and his wife jointly. In that case there would be but one contract and but one cause of action, and possibly that was the theory upon which the learned counsel for the plaintiff constructed the complaint. It may be that he will not be able to establish such a contract at the trial. But the question here is whether such a contract is not stated on the face of the complaint."

This principle would seem to hold good in this case. As already indicated, the plaintiff has selected his forum, and his complaint in a single cause of action evidently proceeds upon the theory that both defendants are bound by the contracts entered into between the plaintiff and the construction company. The plaintiff being entitled to one recovery only, it is quite probable that an election of parties defendant may be necessary, but this need not be done until the close of the case. Tew v. Wolfsohn, 77 App. Div. 454, 79 N. Y. Supp. 286. Under these circumstances the complaint does not disclose a divisible controversy, and the motion to remand must prevail. Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823; Louisville & Nashville Railroad Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63; Little et al. v. Giles, 118 U. S. 596, 7 Sup. Ct. 32, 30 L. Ed. 269.

The cause of action is remanded to the state court. The motion to dismiss the substituted service of process, heard at the same time, is denied. So ordered.