UNITED STATES v. MAGNUS & LAUER.

(Circuit Court, S. D. New York. January 13, 1908.)

No. 4,906.

CUSTOMS DUTIES—CLASSIFICATION—CHLOROPHYLL—"COLOR."

Chlorophyll, a coloring matter used in staining oils and foodstuffs, is not a "color," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 58, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1630], but is dutiable as an unenumerated manufactured article under section 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, p. 1262.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,560 (T. D. 28,018), affirmed the assessment of duty by the collector of customs at the port

of New York on an article known as "chlorophyll." The opinion filed by the Board of General Appraisers is as follows:

McCLELLAND, General Appraiser. The merchandise which is the subject of these protests is invoiced as "chlorophyll soluble in fat, soft," and "chlorophyll liquid soluble in alcohol and water." It was returned by the appraiser as a color, and duty was accordingly assessed at the rate of 30 per cent. ad valorem under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 58, 30 Stat. 154 [U. S. Comp. St. 1901, p. 1630]. Various claims are made in the protests for rates of duty other than assessed; but counsel for importers in their brief announce that they rely on the claim made for duty at the rate of 20 per cent. ad valorem under the provisions of section 6 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]).

Sadtler, in his handbook on "Industrial Organic Chemistry," at page 440, has this to say of chlorophyll: "This is a green coloring matter of fresh vegetation, and is abundantly present in nature, but it has not been found possible to isolate it in a pure state adapted for use. It is stated that chlorophyll forms a beautiful green color with zinc as mordant, which is adapted for dyeing, but it has not as yet been used in practice." The official examiner in the appraiser's department, who passed the merchandise, in his examination assents to this statement, and, being further examined, testified as follows: "Q. Do you agree, as stated here, that it has never been used as a dye? A. No; I do not think it can be used as a dye, because the tinctorial properties are not strong enough. Q. Do you mean by that that it cannot fix a color? A. Well, yes; I do not think it can be used practically for dyeing purposes. Q. Are you familiar with Persian berry extract, which was the subject of G. A. 6,272? A. Yes. Q. How does this article, so far as its coloring power is concerned, compare with the Persian berry extract which was the subject of that G. A.? A. Well, it is used for the same purposes—can be used for the same purposes.

*     *     *     *     *     *     *     *     *     *

The board found in said G. A. 6,272 (T. D. 27,054) that Persian berry extract was exclusively used for the purpose of staining foodstuffs, and held it to be a nonenumerated manufactured article, subject to duty as such under the provisions of section 6; and in this case it is established to our satisfaction that the merchandise involved is adapted only to similar uses, except that that represented by Exhibit 2 may also be used for coloring essential oil. We do not think that the merchandise represented by either Exhibit 1 or 2 is a color, within the meaning of the language of paragraph 58, under which duty was assessed; and there being no special provision therefor in the existing tariff act, nor one under which even under the application of the similitude clause, it may be said that it is provided for, it follows that duty must be assessed upon the merchandise as claimed under the provisions of section 6 for unenumerated manufactured articles.

To that extent the protests are sustained, and in all other respects they are overruled. The decision of the collector is modified accordingly.

J. Osgood Nichols, Asst. U. S. Atty.
Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.

HAZEL, District Judge. Decision affirmed.