## HELLER v. ILWACO MILL & LUMBER CO.

(Circuit Court, D. Oregon. March 7, 1910.)

No. 3,591.

REMOVAL OF CAUSES (§ 79*)—MOTION—TIME.

Removal Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 507), provides that a removal petition must be filed at the time or before defendant is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

required by the laws of the state or the rule of the state court in which the suit is brought to answer or plead to the declaration. *Held*, that such act was designed to contract the jurisdiction of the federal courts and required the removal petition to be filed as soon as defendant is required to make any defense in the state court, whether in abatement or to the merits, which time is not extended by a failure to take judgment by default, an extension of time to answer, either by order of the state court or by stipulation of the parties, or by a special appearance to set aside service.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 136, 141–144; Dec. Dig. § 79.*]

Action by William O. Heller against the Ilwaco Mill & Lumber Company. On motion to remand. Granted.

Norblad & Hemple, for plaintiff.
N. H. Bloomfield, for defendant.

BEAN, District Judge. Motion to remand. This action was commenced against a Washington corporation in the state court in July, 1909. Service of summons was had on the defendant by serving the president in the county where the action was begun on the 22d of the month. On the 29th the defendant appeared specially and moved to quash the summons. No disposition was made of this motion, but on August 12th the parties entered into a stipulation waiving all proceedings under it, and permitting the plaintiff to file an amended complaint, which was done accordingly on the same date, defendant to have 20 days to answer or plead thereto. No answer or pleading was filed by defendant, but on October 6th a stipulation was entered into between the parties reviving the motion to quash. On the 16th of the same month a petition and bond for removal was prepared and filed some time prior to the 24th day of January, 1910, when an order was made removing the cause to this court. The plaintiff now moves to remand on the ground that the petition for removal was not filed within the time required by the federal statute.

The act of Congress of March 3, 1875, c. 137, 18 Stat. 470, as amended by the act of August 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 507), provides that in cases of this character a petition for removal must be filed "at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration."

This law was designed to contract the jurisdiction of the federal courts, and the tendency is to construe it strictly against the right of removal. 18 Enc. Pleading & Practice, 161, 286. It has consequently, been held that the petition must be filed as soon as the defendant is required by the laws of the state to make any defense in the state court, whether in abatement or to the merits (Martin v. B. & O. R. R., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311), and that a failure to take judgment by default or an extension of time in which to answer by order of the state court or by stipulation of the parties will not extend the time for removal (4 Fed. St. Ann. pp. 354–356, and authorities cited), nor will a special appearance to set aside service have that effect (Wedekind v. S. P. Co. [C. C.] 36 Fed. 279). By the state

law, the defendant was required to appear and answer the complaint within 10 days after the service of summons upon it. The petition for removal was not filed within that time, nor within the 20 days in which defendant was allowed to plead to the amended complaint. Under the provisions of the act of Congress, construed by the authorities cited, I am of the opinion that it was not filed within time, and that the motion to remand must be allowed, and it is so ordered.