PILGRIM v. ÆTNA LIFE INS. CO.

(District Court, D. New Jersey. August 14, 1916.)

REMOVAL OF CAUSES ⊜⟶79(6)—TIME—EXTENSION OF TIME FOR FILING ANSWER —STATUTE.

Under Judicial Code, § 29 (Act March 3, 1911, c. 231, 36 Stat. 1095 [Comp. St. 1913, § 1011]), providing that the party entitled to remove a suit from a state to a federal court shall file a petition in the state court at the time or any time before defendant is required by the laws of the state or rule of the state court to answer or plead to the declaration or complaint, an order of the Supreme Court of New Jersey, authorized by rule 217 of that court, extending the time for defendant to answer over the 20 days set by rule 76 of that court, did not extend the time within which the cause could be removed to the federal District Court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 144; Dec. Dig. ⊜⟶79(6).]

At Law. Action by Charles C. Pilgrim, receiver of the Russel-Robinson Company, against the Ætna Life Insurance Company. On motion to remand. Motion granted.

Lum, Tamblyn & Colyer, of Newark, N. J., for plaintiff.
Collins & Corbin, of Jersey City, N. J., for defendant.

RELLSTAB, District Judge. This suit was begun in the New Jersey Supreme Court. Rule 76 of that court, formerly 55 of "The Practice Act of 1912" of New Jersey (N. J. P. L. 1912, p. 377) requires that the answer of the defendant be filed within 20 days after service of the summons. Rule 217, formerly 3 of said Practice Act, authorizes the making of an order by said court, or a justice thereof, extending the time for the filing of said answer. In this case, on the application of the defendant, an order was made by one of the justices of that court, granting such an extension. Within the extended period, but after the date when, according to such rule, the defendant was required to plead, it caused said suit to be removed here. Section 29 of the Act of Congress of March 3, 1911, designated as "The Judicial Code" provides that the party entitled to remove a suit from a state to a federal court shall file a petition—

"in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit. * * *"

Said section 29 is mediately derived from section 3 of the act of Congress of March 3, 1875 (18 Stat. 471). Under the act of 1875, the suitor could remove the suit "before or at the term at which said case could be first tried and before the trial thereof."

The plaintiff moves to remand on the ground that the time had elapsed within which the suit could have been removed. So far as advised, this question has not been passed upon in this judicial circuit. The cases in the other circuits conflict upon the question whether an order made by the state court in the cause extending the time to plead likewise extends the time within which the cause may be removed.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In my judgment, the cases denying such latter extension, reflect the true construction of the limit placed on the right to remove by the federal statute. The legislative purpose in changing the time within which the removal was to be made seemingly was to require the suitor to make his election of the forum in which the case was to be tried before he submitted himself to the jurisdiction of the state court. At any rate, Congress used language which, if given its ordinary meaning, would accomplish such purpose. The time referred to in said section 29 is fixed and not fluctuating. It is the time designated by statute or rule which applies indiscriminately to all suits of a like character, and not a time that may vary in length fixed by an order of court as the exigencies of a particular case may appear to require. The language is not that the plaintiff petition for the removal before he is "required" to plead, but at or before the time he is "required" by the laws of the state or the rule of the state court * * * to answer or plead. Certainty, as against uncertainty, with relation to the time within which the removal is to be applied for, a prompt election by the defendant of the forum wherein the cause is to be tried, and speeding the cause for trial as against delaying it, are obtained by such interpretation—desiderations not negligible in matters of practice.

The motion to remand is granted.