## SOLOMON v. PENNSYLVANIA R. CO.

(District Court, E. D. New York. March 16, 1917.)

REMOVAL OF CAUSES ⚖=79(6)—TIME FOR PROCEEDINGS—STIPULATION—EXTENDING TIME TO ANSWER.

Under Judicial Code (Act March 3, 1911, c. 231) § 29, 36 Stat. 1095 (Comp. St. 1913, p. 1011), requiring a petition for removal to be filed at the time, or at any time before, the defendant is required by the laws of the state, or the rule of the state court, to answer or plead to the declaration or complaint of the plaintiff, a stipulation by plaintiff extending defendant's time to answer, but refusing to extend the time to demur or otherwise plead, filed after the time to answer or plead had expired, does not extend the time to remove the cause, especially where defendant had the removal papers in its possession before, but did not file them until after, the expiration of time to remove.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 144.]

At Law. Action by David Solomon against the Pennsylvania Railroad Company. On motion to remand to the state court. Motion granted.

Hardin & Hess, of New York City (Jerome S. Hess and Harold B. Elgar, both of New York City, of counsel), for plaintiff.

White & Case, of New York City (Howard C. Reid, of New York City, of counsel), for defendant.

CHATFIELD, District Judge. A motion has been made to remand this action to the state court upon a claim that the removal proceedings were not instituted until after expiration of the time provided for re-

moval by section 29 of the Judicial Code. The provision in question is as follows:

"Whenever any party entitled to remove any suit * * * may desire to remove such suit, * * * he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending," etc.

In the case of Russell v. Harriman Land Co. (C. C.) 145 Fed. 745, it was held that, if the time to "answer or plead" has been extended, a petition to remove may be filed before the expiration of the extended time. In that case the extension was accomplished by a stipulation providing for an absolute stay, which was, by the terms of the stipulation, not to be counted as a part of the time elapsing in the litigation. The court therein referred to the case of Mayer v. Ft. Worth & D. C. R. Co. (C. C.) 93 Fed. 601, in which a written stipulation to extend defendant's time was held sufficient, even without order of the state court, and also to the case of Groton Bridge & Mfg. Co. v. American Bridge Co. (C. C.) 137 Fed. 284, in which a written stipulation extending the time to answer or plead was held to extend the time within which removal could be demanded.

In the present case, service was made upon the defendant on the 10th day of November, 1916. Upon the 27th day of November, an extension in writing was obtained by the defendant to the 20th day of December, of time "to answer, plead or make any motion." The New York Code of Civil Procedure provides, in section 487, as follows:

"The only pleading, on the part of the defendant, is either a demurrer or an answer."

"Demurrer" includes objections to jurisdiction. But an objection to jurisdiction, which is not waived by proceeding with the action, may be raised at any time upon the face of the record, and other applications in the way of motions are possible, which are therefore usually covered, in New York practice, by the words "answer, plead, or otherwise move." This would include an application for further extension of time, which according to the court rule must be made upon two days' notice, unless it is ordered upon written stipulation.

Under the circumstances outlined above, the defendant waited until the last day of its extended time, viz. the 20th day of December, before seeking further extension. Failure to get in communication with the plaintiff's attorney compelled delay until the following morning, when the plaintiff's attorney stipulated that the defendant should have 20 days' further time to "answer," but struck out the words "demur or otherwise plead." This reinstated the defendant so far as the interposition of an answer was concerned and opened, to that extent, the default which had occurred upon the preceding day. But if such stipulation had not been signed, the defendant would have been compelled to appear in the state court and ask for an opening of the default, which would probably have been granted upon terms. Such relief.

would have required an answer or defense in the state court, and an application to remove could not have been made.

The plaintiff had, upon December 21, 1916, the power to open the default and consent to reinstatement of the defendant's time, such that the defendant could still remove the case; but this the plaintiff did not do. He signed, instead, a limited stipulation granting merely time to "answer"; that is, to put in a defense in the state court, such as a general denial, affirmative defense, or counterclaim. On such a stipulation, even if we assume that the default was opened thereby, the power to remove was lost.

The cases cited above have no bearing upon the distinction between the word "answer" and the words "or plead." In the case of Martin v. Baltimore & Ohio Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311, a petition for removal was "filed at or before the time at which the defendant was required by the laws of the state to answer or plead to the merits of the case, but after the time at which he was required to plead to the jurisdiction of the court, or in abatement of the writ." The Supreme Court of the United States held that, as the petition for the removal of this case into the Circuit Court of the United States was not filed in the state court within the time mentioned in the act of Congress, motion to remand should be granted, and cases are cited showing that the privilege of removal has been restricted by the acts of Congress. In Williams v. Wilson Fruit Co. (D. C.) 222 Fed. 467, an extension of time, based upon an implied stipulation that no motion for removal should be made, was held to prevent removal into the United States court.

In the case at bar the petition for removal was accompanied by a bond of a surety company, which was signed and executed by the surety company upon the 15th day of December, 1916. It was executed by the defendant, together with the petition for removal, in Philadelphia, upon the 20th day of December, 1916, and the certificate of the prothonotary was attached upon the 21st day of December, 1916. It was evidently within the jurisdiction of the Supreme Court of New York, in the county of Richmond, and was ready for use, upon the 23d day of December, 1916, but was not filed until after the hearing of a motion upon the 28th day of December, 1916.

It is evident, therefore, that the defendant undertook to remove the case within the time in which that could have been done as a matter of right, and that through its own delay it did not file the removal papers until after the plaintiff had obtained the right to refuse its consent to such removal and after such consent was necessary. Under these circumstances the provisions of section 37 of the Judicial Code (Comp. St. 1913, § 1019) require a dismissal of the suit or its remand, as "justice may require."

There is no ground shown for dismissal of the action, and remand is the proper remedy. Motion granted.