[No. 20541.  Department One.  May 5, 1927.]

THE STATE OF WASHINGTON, *on the Relation of New York Oil Company, Plaintiff*, v. THE SUPERIOR COURT FOR GRAYS HARBOR COUNTY, *Fred G. Remann, Judge, Respondent*.[1]

[1] CORPORATIONS (263)—FOREIGN CORPORATIONS — ACTIONS AGAINST —PROCESS.  Findings that a corporation was doing business in this state are sustained by evidence that a corporation of a very similar name, doing business in this state, was a mere dummy, organized and controlled by the same persons, and used as the means through which the corporation was transacting business in this state.

[2] SAME (263).  Plaintiffs, are not estopped to sue a corporation by reason of having entered into a contract with a company of a very similar name, which was a mere dummy, organized and controlled by the same persons, and used as the means through which the corporation was transacting business in this state.

Application filed in the supreme court March 2, 1927, for a writ of prohibition to restrain the superior court for Grays Harbor county, Remann, J., from assuming jurisdiction of an action against a foreign corporation. Denied.

*John S. Hogan*, for relator.

*Geo. W. Korte, Hartman & Hartman*, and *W. H. Abel*, for respondent.

PER CURIAM.—This is an original application in this court for a writ of prohibition on the relation of the New York Oil Company, a corporation.  The respondent, the superior court of Grays Harbor county, Honorable Fred G. Remann, Judge, has made and filed a return to an alternative writ heretofore issued.  Action

[1]Reported in 255 Pac. 1030.

for breach of contract was commenced in the superior
court of Grays Harbor county by Dorsey Hager *et al.*,
against the New York Oil Company of Wyoming and
the New York Oil and Gas Company, a corporation of
this state. Summons and complaint were served on
the New York Oil Company by delivering to and leaving
with one Holton, as agent of that corporation, a copy of
the summons and complaint in Grays Harbor county.
Upon return of that service, the New York Oil Com-
pany appearing specially, moved to quash the service
and objected to the jurisdiction of the court to proceed
against such corporation, alleging it to be a resident
of the state of Wyoming and not transacting business
in this state, nor having any office in this state nor
officer resident in this state, and that Holton was not
its agent. The question was tried out before the re-
spondent as judge of the superior court, who found
against the New York Oil Company and entered an
order accordingly, hence the present application to this
court.

[1] There is no question but that some one was
doing business in Grays Harbor county out of which
the cause of action arose, and that Holton was an agent
of such one at that time, and at the time of the service
upon him, looking after and transacting the business
in that county. The contention of the petitioner, re-
lator, however, is that the business was being trans-
acted by, and that Holton was the agent of, the New
York Oil and Gas Company and not of the New York
Oil Company.

Upon the arguments of counsel and consideration of
the record, we are satisfied the trial court correctly
decided the matter and that the New York Oil and Gas
Company, a corporation, so-called, is and at all times
has been nothing more than a dummy organized, or

attempted to be organized, and is controlled by, the same persons who manage and constitute the New York Oil Company, and that the New York Oil and Gas Company was organized for the purpose and has been used as a means through which the New York Oil Company was transacting business in this state, and that Holton, with whom a copy of the summons and complaint was personally delivered in Grays Harbor county, was its agent and of the kind upon whom service might be had under our statute.

[2]   Nor is there any question of estoppel against the plaintiffs in the original suit in the superior court on account of a purported contract by them with the New York Oil and Gas Company which was guaranteed by the New York Oil Company.  If the New York Oil and Gas Company was suing Hager and his co-plaintiff or either of them on that contract, there might be some question of estoppel, but they are not being sued, but on the contrary are suing the New York Oil Company, so far as this present controversy is concerned, that company being the real party in interest.

It appears from the return of the plaintiff herein, upon a very clear preponderance of the proof, that, after the New York Oil and Gas Company filed its articles of incorporation with the secretary of state and with the county auditor of King county in April and May, 1925, neither it nor anyone for it has ever filed with the county auditor, as required by the laws of this state, any list of its officers nor appointed any agent, nor ever made any Federal income tax return as required by the Federal revenue act; and in fact there is no showing that the trustees named in its articles of incorporation ever held a meeting of any kind or character.  It appears to be nothing more than

a means by which the New York Oil Company, a corporation, carries on business in this state.

The alternative writ heretofore issued in this case will be, and it is, set aside, and a permanent writ will be denied.