**HAGER et al. v. NEW YORK OIL CO. et al.**

District Court, W. D. Washington, S. D.
July 11, 1927.

No. 6039.

Removal of causes ⬦⟶79(2)—Petition for removal, filed after time for answering in state court, was too late, though validity of service was contested in meantime (Rem. Comp. Stat. Wash. §§ 221, 222, 241, 411; Judicial Code, § 29 [U. S. Comp. St. § 1011]).

Where summons and complaint were served December 30, 1926, and on January 7, 1927, defendants filed motion to quash service of summons, and, after state courts had ruled that service was valid, defendants filed petition for removal on May 11, 1927, which was granted May 13, 1927, petition for removal not having been filed within time for answering in state court as provided by Rem. Comp. Stat. Wash. §§ 221, 222, 241, and 411, was not filed in time, under Judicial Code, § 29 (U. S. Comp. St. § 1011); time not being tolled by motion to quash or prohibition proceedings.

At Law. Action by Dorsey Hager and another against the New York Oil Company, and another, removed from State Court. On plaintiff's motion to remand. Cause remanded.

Geo. W. Korte and Hartman & Hartman, all of Seattle, Wash., and W. H. Abel, of Montesano, Wash., for plaintiffs.

John C. Hogan, of Aberdeen, Wash., and Roberts & Skeel, of Seattle, Wash., for defendants.

CUSHMAN, District Judge. Plaintiffs move to remand the suit, which is one removed because of alleged diversity of citizenship. Plaintiffs also have answered the petition for removal, pleading in abatement that the time for petitioning for removal had expired before the filing of the petition. The motion to remand, and the trial of the issues raised by the answer and plea, were heard together.

The plaintiffs are citizens of the state of Washington. The defendant New York Oil & Gas Company, it is alleged in the complaint, is a corporation of the state of Washington, and the defendant New York Oil Company, the petition for removal alleges, is a corporation organized under the laws of the state of Wyoming.

The summons and complaint were served on December 30, 1926. On January 7, 1927, the defendants filed a motion to quash the service of the summons, on the ground that the individual served was not a person upon whom a valid service could be made, alleging that he was not an agent, cashier, or secretary of either of the defendant companies.

It appears from the transcript of the minutes of the clerk of the superior court that on February 25, 1927, the court at the conclusion of the trial announced the denial of the motion to quash; that its written order to the same effect, dated March 1, 1927, was filed March 4, 1927. On March 2, 1927, the New York Oil Company, in the Supreme Court of the state, secured an alternative writ of prohibition, commanding that the superior court refrain from any further proceeding in said action until the further order of the court; the ground alleged upon securing such writ being that such company was not doing business in the state of Washington, and that the service of the summons was invalid. On May 5, 1927, the Supreme Court filed its finding and order, setting aside the alternative writ and denying the permanent writ. It appears that the defendant did not learn of this ruling until May 9th, whereupon it petitioned the Supreme Court for rehearing, under the rules of the court allowing 30 days for that purpose. The order of the Supreme Court was filed in the superior court June 3, 1927. The petition for rehearing was denied by the Supreme Court June 14, 1927. On May 11, 1927, the petition for removal was filed in the superior court, which removed al the superior court ordered, on the 13th of May, 1927.

Sections 221, 222, 241, and 411 of Remington's Compiled Statutes of Washington, 1922, provide:

"Sec. 221. The summons must be subscribed by the plaintiff or his attorney, and directed to the defendant requiring him to answer the complaint, and serve a copy of his answer on the person whose name is subscribed to the summons, at a place within the state therein specified in which there is a post office, within twenty days after the service of the summons, exclusive of the day of service.

"Sec. 222. 1. The summons shall also contain * * *

"2. A direction to the defendants summoning them to appear within twenty days after service of the summons, exclusive of the day of service, and defend the action;

"3. A notice that, in case of failure so to do, judgment will be rendered against them, according to the demand of the complaint. * * *"

"Sec. 241. A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him. Every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that the same is a special appearance."

"Sec. 411. Judgment may be had if the defendant fail to answer to the complaint, as follows: * * *

"In other actions the plaintiff may, upon the like proof, apply to the court after the expiration of the time for answering, for the relief demanded in the complaint. * * * If the defendant give notice of appearance in the action before the expiration of the time for answering, he shall be entitled to five days' notice of the time and place of application to the court for the relief demanded in the complaint. * * *"

Rule 6 of the Rules of the Superior Courts of the State of Washington in part provides:

" * * * (e) All motions, demurrers, or other challenges to any pleading shall be made and presented to the court at one and the same time, the grounds therefor being separately stated, and shall be attached and properly indorsed under one cover; and no motion, demurrer or other challenge directed

to the same pleading shall thereafter be heard or considered except by special permission of the court. If the first challenge to a pleading be a demurrer, such demurrer shall be deemed a waiver of all grounds for any motion directed to the same pleading; and failure to file a demurrer at the time of filing any motion shall be deemed a waiver of the right to interpose a demurrer, except that the objection that the court has no jurisdiction or that the complaint does not state facts sufficient to constitute a cause of action may be made at any stage of the proceedings.

"(f) Special appearance made by motion or demurrer shall suspend the foregoing rule; but if such special appearance by motion or demurrer be denied, the party so appearing shall immediately thereupon serve and file any further motions or demurrers he may desire to make to the pleading and the court shall immediately thereupon hear the same."

Plaintiffs cite: Heller v. Ilwaco M. & L. Co. (C. C.) 178 F. 111; Martin, Adm'r, v. Railroad Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Railway Co. v. Brow, 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431; Powers v. Railway, 169 U. S. 92, at page 98, 18 S. Ct. 264, 42 L. Ed. 673; Fidelity & Casualty Co. v. Hubbard (C. C.) 117 F. 949; Bramwell v. Owen (D. C.) 276 F. 36, at page 38; Fidelity Trust, etc., Co. v. Newport News, etc., Co. (C. C.) 70 F. 403; Lederer v. Sire (C. C.) 105 F. 529; R. Co. v. Willard, 220 U. S. 414, 31 S. Ct. 460, 55 L. Ed. 521; McAllister v. Ry., 243 U. S. 302, 37 S. Ct. 274, 61 L. Ed. 735; G. N. Ry. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713; Lathrop v. Railroad Co. (C. C.) 135 F. 619; O'Brien v. Construction Co. (C. C.) 107 F. 338; Gaugler v. Ry. (D. C.) 197 F. 79; Richardson v. Water Power Co. (D. C.) 209 F. 949; Niccum v. Assurance Co. (D. C.) 17 F.(2d) 160; Wolff v. Archibald (C. C.) 14 F. 369; Woolridge v. McKenna (C. C.) 8 F. 650; Dalton v. Insurance Co. (C. C.) 118 F. 882; Santa Clara County v. Mach. Co. (C. C.) 159 F. 751; Shane v. R. Co. (C. C.) 150 F. 801; General Inv. Co. v. R. Co., 260 U. S. 261, at page 267, 43 S. Ct. 106, 67 L. Ed. 244; Remington v. Railroad Co., 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959; Yellowstone, etc., Bank v. Rosenbaum Bros. & Co. (D. C.) 277 F. 69; Nickels v. Pullman Co. (D. C.) 268 F. 610, at page 618; State ex rel. N. Y. Oil Co. v. Superior Court (Wash.) 255 P. 1030; section 29, Babbitt's Judicial Code; Meeker v. Johnson, 5 Wash. 718, 32 P. 772, 34 P. 148; Collins Mfg. Co. v. Wickwire

Spencer Steel Co. (D. C.) 11 F.(2d) 196; Board of Com'rs v. Hulse (D. C.) 17 F.(2d) 785; Kraus v. R. Co. (C. C. A.) 16 F.(2d) 79; Solomon v. Pa. R. Co. (D. C.) 240 F. 231; Pilgrim v. Ætna Life Ins. Co. (D. C.) 234 F. 958; Ry. Co. v. Daughtry, 138 U. S. 298, 11 S. Ct. 306, 34 L. Ed. 963; Olds v. City Trust, etc., Co. (C. C.) 114 F. 975; Tinker v. Board (D. C.) 292 F. 863; Scoggins v. Railroad Co. (D. C.) 292 F. 162; Lee v. Insurance Co. (D. C.) 292 F. 408; Adams v. Puget Sound Traction, Light & Power Co. (D. C.) 207 F. 205; Heller v. Lumber Co. (C. C.) 178 F. 111; Garvey v. Compania, etc. (D. C.) 222 F. 732; Austin v. Gagan (C. C.) 39 F. 626, 5 L. R. A. 476; Fox v. Ry. (C. C.) 80 F. 945; Gates Iron Wks. v. Pepper & Co. (C. C.) 98 F. 449; Platt v. Bradner, 131 Wash. 573, 230 P. 633; Richardson v. Power Co. (D. C.) 209 F. 949.

Defendants cite: State ex rel. N. Y. Oil Co. v. Superior Court (Wash.) 255 P. 1030; Rogers v. Penobscot Mining Co. (C. C. A.) 154 F. 606; Geer v. Mathieson Alkali Wks., 190 U. S. 428, 23 S. Ct. 807, 47 L. Ed. 1122; Sioux City Terminal, etc., Co. v. Trust Co. of N. A. (C. C. A.) 82 F. 124; Higgins v. B. & O. R. Co. (C. C.) 99 F. 640; Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411; Removal Cases, 100 U. S. 457, 25 L. Ed. 593; Lucas v. Milliken (C. C.) 139 F. 816; Moloney v. Cressler (C. C. A.) 210 F. 104, 109; Stimson v. United Wrapping Mach. Co. (C. C.) 156 F. 298; Meeke v. Valley Town Mineral Co. (C. C. A.) 89 F. 209; Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Cella, Adler & Tilles v. Brown (C. C.) 136 F. 439; Old Dominion Oil Co. v. Superior Oil Corp. (D. C.) 283 F. 636; Ferry v. Wiggins (D. C.) 287 F. 421; Hough v. Societe Electrique, etc. (D. C.) 232 F. 635; Youtsey v. Hoffman (C. C.) 108 F. 693; Wheeling Creek Gas, etc., v. Elder (C. C.) 170 F. 215; Mfg. Commercial Co. v. Brown Alaska Co. (C. C.) 148 F. 308; Buck v. Felder (D. C.) 196 F. 419; New England Water Works Co. v. Loan & Trust Co. (C. C. A.) 136 F. 521; Powers v. Chesapeake, etc., R. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Yarde v. Baltimore & Ohio R. Co. (C. C.) 59 (57) F. 913; Mattoon v. Reynolds (C. C.) 62 F. 417; Fritzlen v. Boatmen's Bk., 212 U. S. 364, 29 S. Ct. 366, 53 L. Ed. 551; Haynes' Adm'r v. C., N. O. & T. P. R. Co., 145 Ky. 209, Ann. Cas. 1913B, 719, 140 S. W. 176, 180; Robert v. Pineland Club (C. C.) 139 F. 1001; Donahue v. Calumet Fire-Clay Co. (C. C.) 94 F. 23, 27; Enders v. Lake Erie & W. R. Co. (C. C.) 101 F. 203; 34 Cyc. p. 1276.

Section 29 of the Judicial Code (36 Stat. at Large, 1095; Comp. Stat. § 1011) provides:

"Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending. * * * "

The petition for removal in this case was not made and filed in time. Martin's Adm'r v. B. & O. Ry. Co., 151 U. S. 673, 684, 14 S. Ct. 533, 38 L. Ed. 311; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Kansas City, Ft. Scott & Memphis R. Co. v. Daughtry, 138 U. S. 298, 303, 11 S. Ct. 306, 34 L. Ed. 963; Heller v. Ilwaco Mill & Lbr. Co. (C. C.) 178 F. 111; Bramwell v. Owen (D. C.) 276 F. 36; In re City of Seattle (D. C.) 237 F. 100; Adams v. P. S. Traction, L. & P. Co. (D. C.) 207 F. 205.

In Williams v. Wilson Fruit Co. (D. C.) 222 F. 467, 469, the court called attention to an apparent conflict in the cases in this circuit, where there was an order or stipulation extending the time for pleading. The two last cited cases from this circuit, and those also from this circuit which follow show that the different determinations reached in these cases in the main was caused by the various elements of waiver and estoppel present, which, in turn, were founded upon differences in the intent and conduct of the parties to the litigation, rather than by any marked conflict in the interpretation of the foregoing statute. In the instant case plaintiffs have in no way waived their right, nor are they in any way estopped to ask a remanding of this case. Wedekind v. Southern Pac. Co. (C. C.) 36 F. 279; Dixon v. Western Union (C. C.) 38 F. 377; Austin v. Gagan (C. C.) 39 F. 626; Delbanco v. Singletary (C. C.) 40 F. 177; McDonald et al. v. Hope Min. Co. (C. C.) 48 F. 593; Martin v. Carter et al. (C. C.) 48 F. 596; Chiatovich v. Hanchett (C. C.) 78 F. 193; Manufacturers'. Commercial Co. v. Brown Alaska Co. (C. C.) 148 F. 308; Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 F. 185; Citizens' Trust & Sav. Bank v. Hobbs (D. C.) 253 F. 479; In re Vadner (D. C.) 259 F. 614.

I agree with the conclusion reached by Judge Reed upon the authority of Pullman's Palace-Car Co. v. Speck, 113 U. S. 84, 5 S. Ct. 374, 28 L. Ed. 925, approving Murray v. Holden et al. (C. C.) 2 F. 740, as to the meaning of the expression in section 29: "At the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead." He says: " * * * As said in some of the authorities, the time in many states in which the defendant shall answer or otherwise plead to the plaintiff's petition is fixed by a 'rule of court'; but in other states, as in Iowa, the time is fixed by statute, and the obvious purpose of the Removal Act is to require a defendant, who desires to remove a cause from a state to a federal court, to apply therefor at the time he is required by the statute of the state to answer the plaintiff's petition when that time is fixed by statute, and when fixed by 'rule of court' he shall then apply therefor within the time fixed by such rule."

Defendant has contended that the time to petition for removal did not begin to run against it until the Supreme Court of the state had decided the service of summons to be valid, and that the defendant New York Oil & Gas Company was a "dummy" corporation of the removing defendant, New York Oil Company. That decision, while it may have advised the defendants of the court's views, neither changed the parties to the litigation, the issues, nor the amount involved, nor the facts existing, nor those alleged in the pleadings. The defendants actually knew as much about the facts of the asserted claim, upon which suit is brought, before that decision as they did afterwards. The following cases in no way lend support to the assertion that the time for petitioning for removal would be tolled by a motion to quash, or the prohibition proceedings: Powers v. Chesapeake & Ohio Ry., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Remington v. Central Pacific R. Co., 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959; Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 S. Ct. 366, 53 L. Ed. 551; Mecke v. Valley Town Mineral Co. (C. C.) 89 F. 209; Youtsey v. Hoffman et al. (C. C.) 108 F. 693; Niccum v. Northern Assur. Co. (D. C.) 17 F. (2d) 160.

If the service of summons is attacked in the state court, and the question tried, and the cause is thereafter removed, the risk is run of a duplication of effort, with added expense, public and private, and delay in the final determination of the cause, resulting from a renewal of the attack upon the service in the

District Court after removal. Wabash Western Railway v. Brow, 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431; General Inv. Co. v. Lake Shore Ry., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Goldey v. Morning News, supra.

Having reached the conclusion that the petition for removal was not made in time, it is not necessary to discuss other questions which have been argued. The motion to remand, and the prayer of plaintiffs' answer to the petition for removal, are granted, and the cause will be remanded to the superior court of the state of Washington in and for Grays Harbor county.