### DAUGHERTY v. WESTERN UNION TEL. CO.

(Circuit Court, D. Indiana.    April 24, 1894.)

#### No. 9,007.

REMOVAL OF CAUSES—DELAY IN FILING PETITION—ACT OF GOD.
    The court has no power to permit a removal after the time prescribed (25 Stat. 435, § 3), even when defendant's attorney has been prevented by a storm, which stopped the trains, from reaching the place of holding court until the morning after the last day on which the petition and bond could be filed.

This was an action by Hester J. Daugherty against the Western Union Telegraph Company. The action was commenced in a state court, and, defendant having moved therein for an order awarding a removal to this court, the same was denied, on the ground that its petition and bond were not seasonably filed. Defendant now presents a certified copy of the record, and moves for leave to docket the case in this court.

Ibach & Reiter, for plaintiff.
Agnew & Kelly, for defendant.

BAKER, District Judge. This action was brought in the state court by the plaintiff against the defendant, a foreign corporation, by complaint filed on the 27th day of January, 1894. On the 12th day of February, 1894, the defendant, by counsel, entered of record its voluntary appearance to the action. A rule of the court, duly adopted, and then in force, made the answer of the defendant due "the day succeeding the return day or voluntary appearance;" hence the answer was due on the 13th day of February, 1894. On the 14th day of February, 1894, the defendant filed in the state court its verified petition and bond for the removal of the case into this court, and moved the court to make an order awarding such removal. The motion was denied by the state court solely upon the ground that the application was not seasonably made. The defendant now presents a certified copy of the record, and moves the court for leave to docket the cause in this court. The excuse for failure

to file the application to remove at or before the time when the answer was due is set forth in two affidavits filed in this court in support of the motion for leave to docket. These affidavits show that the counsel for the defendant resided in a county adjoining that in which the action was pending, and that one of them started on a passenger train for that place on the morning of the 13th day of February, and that if the train had been able to run on its usual time he would have reached the place of holding court about 10 o'clock a. m. of that day, and in ample season to have filed the petition in proper time. The sole cause of delay was occasioned by the blockading of the train by a great and unusual fall of snow on the previous day and night, which wholly interrupted the movement of trains between the point where the blockade occurred and the place of holding court. The blockade continued during the whole of the 13th day of February. The petition and bond for removal were filed and presented to the state court at its opening on the morning of the 14th of February.

In my opinion, the failure to start for the place where the court was sitting until the day when the answer was due was such an act of negligence as to defeat the right of removal, without regard to the delay occasioned by the storm. I do not wish, however, to dispose of the motion on this ground. I prefer to place it upon the ground principally argued and relied upon by counsel for the defendant. They concede that the answer was due on the 13th day of February, but they earnestly contend that the storm and the consequent blockade were the acts of God, and that the present case falls within the maxim, "Actus Dei nemini nocet." The present removal act requires, with regard to the time within which the right of removal is to be asserted, that the petition shall be filed "at the time, or at any time before the defendant is required by the law of the state or the rule of the state court in which the suit is brought to answer or plead to the declaration of the plaintiff." 25 Stat. p. 435, c. 866, § 3. It is settled that the present statute was intended to abridge the right of removal previously existing, and it ought to be so construed and enforced as to effectuate, rather than to defeat, its obvious purpose. It has been said by the supreme court in construing this statute "that it is imperative that the application to remove must be made when the answer is due." Railroad Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306. The right of removal is created and regulated by the act of congress, and its enjoyment cannot be claimed except within the time and in the manner prescribed by the statute. It is firmly settled that the time within which the removal may be had cannot be enlarged by continuances, demurrers, motions to set aside service of process, pleas in abatement, or by stipulations of the parties, or by orders of the court extending the time to answer. This doctrine rests upon the solid foundation that the statute is mandatory, and that the right of removal ceases to exist when the time limited therefor has elapsed. The limitation of time within which a removal may be had is not a floating one, to be regulated by stipulations, motions, dilatory pleas, or orders of the court bottomed upon considerations of diligence or unavoidable accident. The right of

removal is fixed and stable, measured in regard to the time of its exercise by the statute of the state when it fixes the time to answer or plead, or by the rule of court where the time of pleading is so determined in the absence of state law. The act of congress limiting the time of removal would cease to be mandatory if the federal courts are invested with power to relieve from its operation because of the intervention of the vis major or the act of God. The court is clothed with no such dispensing power. The time within which the right of removal may be exercised is a subject for legislative, and not for judicial, discretion. If the court may enlarge the time because the making of the application to remove has been prevented by the act of God, it can do so only because it is clothed with discretionary power to extend the time prescribed by the act of congress. If it possesses such discretionary power, it may enlarge the time to apply for a removal whenever, for any cause, the court might be of opinion that the delay was without fault on the part of the party asking a removal. Under such a construction the time within which the application to remove must be made would not be prescribed by law, but would be determined by the discretion of the court, to be exercised upon the facts of each case. In my judgment, an inflexible rule of law determines the time within which an application to remove must be made, and the court possesses no discretionary power to enlarge it. This construction of the statute may at times operate with harshness, but any other would defeat its plain language and manifest intent.

The motion for leave to docket the cause is therefore denied, with costs.