HADFIELD v. NORTHWESTERN LIFE ASSUR. CO.

(Circuit Court, E. D. Wisconsin. December 11, 1900.)

REMOVAL OF CAUSES—CLERICAL ERROR IN PETITION—AMENDMENT.

Where a petition for removal is filed in a state court in due time, containing the requisite jurisdictional averments to authorize the removal, and accompanied by a proper bond, the removal is not defeated because, through a mistake, both petition and bond name the court to which the removal is sought as the district court of the United States, instead of the circuit court, and the order of removal is to the district court. Such proceeding operates to transfer jurisdiction of the cause to the circuit court by virtue of the statute, notwithstanding the error, and that court may permit the proper correction to be made in the petition and bond by amendment.

On motion by defendant for an order docketing the cause as one removed from the circuit court of Fond du Lac county, and to allow the filing nunc pro tunc of corrected petition for removal, and bond in lieu of the petition, and bond filed in the state court, and on further motion by the plaintiff in the district court to remand the cause as one improperly removed to that court.

E. S. Bragg, for plaintiff.

Geo. P. Miller and Clark Varnum, for defendant.

SEAMAN, District Judge.   The petition filed in the state court properly avers the jurisdictional fact of diverse citizenship to authorize removal of the cause to the circuit court of the United States under the statute, and it was filed in due time, and accompanied by a bond executed on the part of the defendant.   Both petition and bond are defective in naming the court to which removal is sought as the district court instead of the circuit court of the United States, and the record certified from the state court shows that the word "circuit" is crossed with a pen, and "district" interlined in the petition and bond, and the blunder is thus made.   The state court thereupon ordered the removal to the district court, and the record as certified was presented to the clerk of this court, who is clerk of the district court as well, but, because of such defect in the papers, was not filed by him in either court.   The motion on the part of the defendant is supported by an affidavit of counsel showing that the petition and bond were executed in proper form, but were changed through mistake of the counsel who filed them and obtained the order of removal, and like affidavit is filed in the district court in opposition to the motion to remand.

The complication arising out of this mistake, from the want of co-ordinate civil jurisdiction in the circuit and district courts, respectively, impresses me as the only question which is not directly ruled by the decisions cited in the brief of defendant.   It is well established, however, that a petition duly presented in the state court, which makes a case for removal within the act of congress, operates as a transfer of jurisdiction to the circuit court of the United States when a bond is filed which is either sufficient in itself, or is approved as sufficient by the state court, and that no order of removal by that court is essential to complete the transfer.   The petition in the case at bar clearly alleges the jurisdictional fact which gives the right of removal to the circuit court of the United States, and clearly shows the purpose of the defendant to take the benefit of such statutory right.   I am of opinion, therefore, that the statement of fact is not nullified by the obvious error in naming the district court instead of the circuit court as the one to which removal was sought.   The intention being clear, and the state of facts duly presented, the transfer of jurisdiction to the circuit court results by operation of the statute, and not through the action or order of the state court, or any action by the parties beyond that of setting in motion the statutory provision.   So considered, jurisdiction of the state court was devested, and that of this court was obtained; and the right of amendment to correct the petition or

bond in this court, after jurisdiction is acquired, is well recognized. Powers v. Railroad Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673; Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311; Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144; Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992; 18 Enc. Pl. & Prac. 324, 334. An order will be entered that the cause be docketed, and that the corrected petition and bond presented on behalf of the defendant be allowed and filed herein.

NOTE. An order will be entered as well in the district court denying the plaintiff's motion to remand.