## FIRST NAT. BANK OF GARRETT, PA., v. A. E. APPLEYARD & CO.

(Circuit Court, E. D. Pennsylvania. June 13, 1905.)

### No. 106.

REMOVAL OF CAUSES — TIME FOR FILING PETITION — TIME TO "ANSWER OR PLEAD."

A petition for the removal of a cause from a court of common pleas of Philadelphia county, Pa., in which, by rule of court, the defendant is given four days from service of statement on him to file any dilatory plea, and by the procedure act fifteen days within which to file affidavit of defense, must be filed within the four days, which is the time when he is required to "answer or plead" within the meaning of the removal statute.

[Ed. Note—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 136, 141–146.]

On Motion to Remand to State Court.

Warner & Houseman, for plaintiff.

Louis B. Runk and Read & Pettit, for defendant.

HOLLAND, District Judge. This is a motion to remand a suit to the court of common pleas No. 4 of Philadelphia county, in this district. Suit was instituted in the state court in December, 1904, and a statement of claim was filed on December 14th, a copy of which was served on defendant on that day. Under rule 30, § 12, of the court of common pleas of Philadelphia county, the defendant is allowed four days after statement served to file any dilatory plea. The last day in this case would have been December 18th, and under the procedure act of 1887, in actions of assumpsit, an affidavit of defense is required to be filed within fifteen days after the filing of the statement of claim, and rule to file affidavit and service of a copy of both upon defendant. So that under the rules of the state court the defendant had four days from the 14th of December to file any dilatory plea, and under the procedure act fifteen days from that time to file an affidavit of defense. Under the removal clause in the act of Congress of 1887–88, requiring the filing of petitions for removals "at the time or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff," the defendant was bound to file its petition for removal before the 30th of December, as that would be sixteen days after service of the statement and rule to file its affidavit of defense, which was one day beyond the time at which it was required to answer the statement, and twelve days beyond the time at which it was required to file any dilatory plea. Whichever of these

two dates is taken as the latest time at which a removal can be moved in this case, the defendant is too late, as the Supreme Court has held under the provisions of the act of March 3, 1887, c. 373, 24 Stat. 552; Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509], by which a petition for the removal of an action from a court of a state into the Circuit Court of the United States is to be filed in the state court at or before the time when the defendant is required by the law of the state or by rule of the state court "to answer or plead to the declaration or complaint of the plaintiff," the petition should be filed as soon as the defendant is required to make any defense whatever, either in abatement or on the merits, in that court. Martin v. Baltimore & Ohio Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311. The right of removal is created and regulated by the act of Congress, and its enjoyment cannot be claimed except within the time and in the manner prescribed by the statute. It is firmly settled that the time within which the removal may be had cannot be enlarged by continuances, demurrers, motions to set aside service of process, pleas in abatement, or by stipulations of the parties, or by orders of the court extending the time to answer. This doctrine rests upon the solid foundation that the statute is mandatory, and that the right of removal ceases to exist when the time limited therefor has elapsed. * * * An inflexible rule of law determines the time within which an application to remove must be made, and the court possesses no discretionary power to enlarge it. Daugherty v. Western U. Tel. Co. (C. C.) 61 Fed. 138. It has been held by the Supreme Court in Pennsylvania that a petition for a removal of a cause to the federal courts should be filed before the defendant is required to file an affidavit of defense. Muir v. Preferred Ins. Co., 203 Pa. 338, 53 Atl. 158. This order of removal was returnable to the first Monday of April, 1905, at which time it is required the full record shall be filed in this court. This has been done, and it is before the court in the consideration of this case, and it is not, therefore, necessary to consider the question as to whether or not the motion to remand was filed too early.

In view of the decision of the Supreme Court in Martin v. Baltimore & Ohio Railroad Co., supra, in which it is held that the words "to answer or plead to the declaration or complaint" make no distinction between different kinds of answers or pleas, and all pleas or answers of the defendant, whether in matter of law, by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court, or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said, in the standard books on pleading, to "oppose or answer" the declaration or complaint which the defendant is summoned to meet, the motion to remand the case to the court of common pleas No. 4 of Philadelphia county is sustained, and it is so ordered.