### WAYT v. STANDARD NITROGEN CO. et al.

(Circuit Court, N. D. Georgia. May 10, 1911.)

No. 1,328.

REMOVAL OF CAUSES (§ 79*)—APPLICATION—TIME TO MAKE.

Under Act Cong. March 3, 1875, c. 137, § 3, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, and corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 510), providing that the petition for removal from a state court to the federal court must be filed at or before the time defendant is required by the laws of the state. or the rule of the state court in which the suit is brought to plead, an application to remove must be made at or before the time defenses are due under the laws of the state or rules of the state court, and not when, by reason of some extension of time or failure to enter default in the state court. defenses may thereafter be filed, though the decisions of the state Supreme Court permit the entry of defenses where by order of court. or stipulation of the parties. default has not been entered.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 141–146; Dec. Dig. § 79.*]

In Equity. Action by J. C. Wayt against the Standard Nitrogen Company and another. Motion to remand case to the state court. Granted.

E. L. Douglas, for complainant.
Anderson, Felder, Rountree & Wilson, for respondents.

NEWMAN, District Judge. This is a motion to remand. The written motion to remand sets up two grounds why the case should be remanded. The first, viz., that the necessary diverse citizenship does not exist, was abandoned on the argument. The other ground is that the removal papers were not filed in the state court in time, under the removal act of Congress.

The law of the state requires that defenses shall be filed at the first

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

term. The rule of the court from which this case was removed requires that pleadings shall be filed at or before the time when the appearance docket is called by the judge.

At the time this case was called on the appearance docket, a stipulation was entered into by the parties, and approved by the court, to the effect that no default should be entered in the case until the Saturday after the first Monday in December, 1910. On December 8th, which was before the Saturday after the first Monday, the petition for removal was filed, and the order for removal granted.

The question argued here, and the one for determination, is: Did the stipulation of counsel have the effect of extending the time within which the defendants might file their proceeding to remove the case to this court, under the act of Congress?

The act of 1887, as corrected in 1888, provides that the petition for removal must be filed "at the time, or at any time before the defendant is required by the laws of the state, or the rule of the state court in which the suit is brought, to answer or plead to the declaration of the plaintiff."

This act has been frequently before the courts of the United States for construction as to the time when the removal proceedings must be filed in the state court, and the decisions are to the effect that the application to remove must be made when defenses of any kind, dilatory or in bar, are due. The requisite practice is stated in Kansas City, etc., Railroad Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963, as follows:

"The statutes of the United States imperatively require that application to remove a case from a state court to a federal court should be made before the plea is due under the laws and practice of the state; and, if the plaintiff does not take advantage of his right to take judgment by default for want of such plea, he does not thereby extend the time for application for removal."

In Daugherty v. W. U. Tel. Co. (C. C.) 61 Fed. 138, Judge Baker, after citing Railroad Co. v. Daughtry, supra, says:

"The right of removal is created and regulated by the act of Congress, and its enjoyment cannot be claimed except within the time and in the manner prescribed by the statute. It is firmly settled that the time within which the removal may be had cannot be enlarged by continuances, demurrers, motions to set aside service of process, pleas in abatement, or by stipulations of the parties, or by orders of the court extending the time to answer. This doctrine rests upon the solid foundation that the statute is mandatory, and that the right of removal ceases to exist when the time limit therefor has elapsed. The limitation of time within which a removal may be had is not a floating one, to be regulated by stipulations, motions, dilatory pleas, or orders of the court bottomed upon considerations of diligence or unavoidable accident. The right of removal is fixed and stable, measured in regard to the time of its exercise by the statute of the state when it fixes the time to answer or plead, or by rule of the court where the time of pleading is so determined in the absence of state law. The act of Congress limiting the time of removal would cease to be mandatory if federal courts are invested with power to relieve from its operation because of the intervention of the vis major or the act of God. The court is clothed with no such dispensing power. The time within which the right of removal may be exercised is a subject for legislative, and not for judicial, discretion. If the court may enlarge the time because the making of the application to remove has been prevented by the act of God, it can do so only because it is clothed with discretionary power to

extend the time prescribed by the act of Congress. If it possesses such discretionary power, it may enlarge the time to apply for removal whenever, for any cause, the court might be of the opinion that the delay was without fault on the part of the party asking a removal. Under such a construction the time within which the application to remove must be made would not be prescribed by law, but would be determined by the discretion of the court, to be exercised upon the facts of each case. In my judgment, an inflexible rule of law determines the time within which an application to remove must be made, and the court possesses no discretionary power to enlarge it. This construction of the statute may at times operate with harshness, but any other would defeat is plain language and manifest intent."

In Bank v. Appleyard & Co. (C. C.) 138 Fed. 939, 940, Judge Holland quotes from this opinion with approval.

It appears, therefore, that the time fixed by the removal act of Congress cannot be extended by order of the court, by stipulation of the parties, or otherwise. The rule here is imperative, and the removal proceeding must be brought before the state court at or before the time that the defendants are required to answer or plead.

In Martin v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311, Mr. Justice Gray, speaking for the Supreme Court, says:

"Judiciary Act Sept. 24, 1789, c. 20, § 12, required a petition for removal of a cause from a state court into the Circuit Court of the United States to be filed by the defendant 'at the time for entering his appearance in such state court.' 1 Stat. 79. The recent acts of Congress have tended more and more to contract the jurisdiction of the courts of the United States, which had been enlarged by intermediate acts, and to restrict it more nearly within the limits of the earliest statutes."

After citing certain cases, Mr. Justice Gray proceeds:

"Construing the provisions now in question, having regard for the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that Congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the Circuit Court of the United States."

The contention of counsel for defendants is that, inasmuch as by the decisions of the Supreme Court of the state defenses may be filed at any time before default is entered, therefore the removal act of Congress is complied with if the application for removal is filed before default has been entered. Counsel rely on Neal v. Davis Foundry & Machine. Works, 131 Ga. 701, 63 S. E. 221, and the cases therein cited.

While it is true that under the state practice defenses may be entered if, by order of the court, stipulation of the parties, or probably if by inadvertence of the judge, default has not been entered, this does not alter the fact that the defense was due when the appearance docket was called. The very fact that a stipulation of the parties was necessary shows that the defense was due.

The ruling of the courts of the United States therefore that neither order of the court nor stipulation of the parties can extend the time within which removal proceedings must be filed must control, and that ruling, as I understand it, is to the effect that the application for removal must be made at or before the time defenses are due, and not

when, by reason of some extension of time, or failure to enter default in the state court, defenses might still there be filed.

Applying the foregoing views to this case, the application for removal was made too late, and consequently the case must be remanded to the state court. An order to that effect may be taken.