ADAMS v. PUGET SOUND TRACTION, LIGHT & POWER CO.

(District Court, W. D. Washington, N. D.   September 3, 1913.)

REMOVAL OF CAUSES (§ 79*)—TIME FOR FILING PETITION—"REQUIRED."

Under Judicial Code, § 29 (Act March 3, 1911, c. 231, 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]), providing that one entitled to and desiring to remove a suit from a state court to the federal court may file a petition for removal in the state court any time before defendant is "required" by the laws of the state or the rule of the state court to answer or plead to the complaint, he must file the petition within the 20 days given by the law of the state in which to answer, notwithstanding a rule of the state court that a party may respond to any pleading any time before a default is claimed, and failure to immediately claim a default for defendant's failure to answer in the 20 days does not enlarge the time to remove.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139–160; Dec. Dig. § 79.*]

---

At Law. Action by Earl Adams, by Robert D. Hamlin, guardian ad litem, against the Puget Sound Traction, Light & Power Company. Remanded to state court.

William M. Watson, of Seattle, for plaintiff.

James B. Howe and H. S. Elliott, both of Seattle, for defendant.

NETERER, District Judge. This is an action commenced in the state court by service of summons and complaint on May 1, 1913. Notice of intention to file petition for removal, together with petition and bond, were served upon counsel for plaintiff May 21st following. The petition and bond were filed on May 22d, and an order entered by the judge of the state court approving the bond and ordering removal of the cause. Motion is here made to remand on the ground that the petition was not filed in time. Section 29, c. 3, of the Judicial Code (Act of March 3, 1911, c. 231, 36 St. at L.), provides:

"Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, *or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff*, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court," etc.

The underscored portion of the section is identical with a similar provision in the Acts of March 3, 1875, c. 137, § 3, 18 Stat. 470, p. 349, vol. 4, Fed. St. Annotated (U. S. Comp. St. 1901, p. 510). Rem. & Bal. Annotated Codes and Statutes of Washington, § 221, provides:

"The summons must be  *  *  *  directed to the defendant requiring him to answer  *  *  *  within twenty days after the service of the summons, exclusive of the day of service."

Section 222 provides that the summons shall contain title of the cause, etc., a direction to the defendants to appear within 20 days after service of summons, exclusive of the day of service, and defend the action.

"In case of failure so to do judgment will be rendered  *  *  *  according to the demand of the complaint."

Section 24, art. 4, Constitution of the state of Washington, provides:

"The judges of the superior courts shall, from time to time, establish uniform rules for the government of the superior courts."

Rem. & Bal. Code, § 280, provides:

"The court shall establish the rules prescribing the time in which pleadings subsequent to the complaint shall be filed."

Rule 4 of the General Rules of the superior courts of Washington, adopted by the several superior court judges at a meeting held at Bellingham July 26, 1910, and which is one of the court rules of the court where the action was commenced, provides:

"A party may respond to any pleading at any time before a default is claimed. A default shall be deemed claimed whenever a motion therefor is filed, accompanied with the affidavit of the party or his attorney, claiming such default, that no appearance has been made in the action, but will not be granted against a party who has appeared in the action by attorney, until the motion has been served."

The defendant has full 20 days to answer, and the time within which to exercise the right of removal by filing its petition is coextensive with the right to answer. On failure to answer the right of default inures to plaintiff. Does the failure to claim default by plaintiff enlarge the time to file such petition by virtue of court rule No. 4? Does this rule confer a right which extends the time to plead or answer until the default is claimed, and hence enlarge the time to file removal petition? Is the limitation of time in which removal petition may be filed a floating one resting upon the vigilance of counsel for plaintiff? It is clear that no *right* to answer, as distinguished from a privilege, is conferred by rule 4. The grace extended by it could be cut off at any moment. The law of the state of Washington *required* the defendant to plead on or before the 21st. The petition for removal can be filed "any time before the defendant is by the laws of the state *required* * * * to answer." The state law *required* the defendant to answer and the federal statutes *required* it to file its petition for removal on or before May 21st. Court rule No. 4 does not enlarge the time within which to file removal petition. The right of removal is conferred by statute; it is not a floating privilege, depending upon any contingency, but is fixed by definite limit of time—the time to answer.

"The statute is imperative that the application to remove must be made when the plea is due, and, because the plaintiff in error does not take advantage of his right to take judgment by default, it cannot be properly held that he thereby extends the time for removal." Kansas City R. Co. v. Daughtry, 138 U. S. 298, 303, 11 Sup. Ct. 306, 308 (34 L. Ed. 963).

Justice Gray, speaking for the Supreme Court in Martin v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311, says:

"The Judiciary Act of September 24, 1789, c. 20, § 12, required a petition for removal of a case from a state court into the Circuit Court of the United States to be filed by the defendant 'at the time of entering his appearance in such state court.' 1 Stat. 79. The recent acts of Congress have tended more and more to contract the jurisdiction of the courts of the United States, which had been enlarged by intermediate acts, and to restrict it more nearly within the limits of the earliest statute. * * * Construing the provision now in question, having regard to the natural meaning of its language and to the history of the legislation upon this subject, the only reasonable inference is that Congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the Circuit Court of the United States."

In Daugherty v. Western Union Tel. Co. (C. C.) 61 Fed. 138, Judge Baker says:

"The right of removal is created and regulated by the act of Congress, and its enjoyment cannot be claimed except within the time and in the manner prescribed by the statute. It is firmly settled that the time within which

the removal may be had cannot be enlarged by continuances, demurrers, motions to set aside service of process, pleas in abatement, or by stipulations of the parties, or by orders of the court extending the time to answer. This doctrine rests upon the solid foundation that the statute is mandatory and that the right of removal ceases to exist when the time limited therefor has elapsed. The limitation of time within which a removal may be had is not a floating one, to be regulated by stipulations, motions, dilatory pleas, or orders of the court bottomed upon considerations of diligence or unavoidable accident. The right of removal is fixed and stable, measured in regard to the time of its exercise by the statute of the state when it fixes the time to answer or plead, or by the rule of court where the time of pleading is so determined in the absence of state law. The act of Congress limiting the time of removal would cease to be mandatory if the federal courts are invested with power to relieve from its operation because of the intervention of the vis major or the act of God. The court is clothed with no such dispensing power. The time within which the right of removal may be exercised is a subject for legislative, and not for judicial, discretion. If the court may enlarge the time because the making of the application to remove has been prevented by the act of God, it can do so only because it is clothed with discretionary power to extend the time prescribed by the act of Congress. If it possesses such discretionary power, it may enlarge the time to apply for a removal whenever, for any cause, the court might be of opinion that the delay was without fault on the part of the party asking a removal. Under such a construction, the time within which the application to remove must be made would not be prescribed by law but would be determined by the discretion of the court, to be exercised upon the facts of each case. In my judgment an inflexible rule of law determines the time within which an application to remove must be made, and the court possesses no discretionary power to enlarge it. This construction of the statute may at times operate with harshness, but any other would defeat its plain language and manifest intent."

Other authorities supporting this conclusion are: Bank v. Appleyard & Co. (C. C.) 138 Fed. 939, 940; Wabash Western Ry. v. Brow, 164 U. S. 271, 277, 17 Sup. Ct. 126, 41 L. Ed. 431; Simkins, Federal Suit, § 818, and cases cited. The following cases have been cited by counsel for petitioner as supporting the right of removal in this case: Lockhart v. Railroad Co. (C. C.) 38 Fed. 274; Mayer v. Railroad Co. (C. C.) 93 Fed. 601; Lord v. Railroad Co. (C. C.) 104 Fed. 929; Chiatovich v. Hanchett (C. C.) 78 Fed. 193; Groton, etc., v. Am. Bridge Co. (C. C.) 137 Fed. 284, 297, 298, 299; Tevis v. Palatine Ins. Co. (C. C.) 149 Fed. 560; Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 Fed. 185; Powers v. Railway, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. Each and all of these cases are readily distinguishable from the case at bar.

The time within which the right of removal may be exercised is a matter for legislation. The time having been fixed within which the petition *must be filed,* there is nothing for judicial discretion.

The application for removal was made too late, and the cause must be remanded to the state court. An order to that effect may be entered.