## WILLIAMS v. WILSON FRUIT CO.

### (District Court, D. Idaho, S. D.   May 6, 1915.)

1. REMOVAL OF CAUSES ☞79—TIME FOR REMOVAL—EXTENSION OF TIME TO PLEAD.

Assuming that under Judicial Code (Act March 3, 1911, c. 231) § 29, 36 Stat. 1095 (Comp. St. 1913, § 1011), requiring petitions for removal to be filed before defendant is required to answer or plead to the declaration or complaint, an order of the state court extending the time to plead operates to extend the time for removal, where an order extending the time to plead recited that it was made on condition that the action might be placed on the calendar for a term commencing within a few days, and set for trial on such day as the court might be able to try it, though no answer or note of issue was filed, and at the foot of such order defendant's attorney agreed to such condition, and accepted the extension of time on such condition, with no suggestion of any understanding that the cause might be removed, notwithstanding such consent, the time for removal was not thereby extended; it being apparent that the court

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

would not have extended the time, except upon the agreement that such extension should not operate to delay the trial.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139–160; Dec. Dig. 🔑79.]

2. REMOVAL OF CAUSES 🔑79—TIME FOR REMOVAL—EXTENSION OF TIME TO PLEAD.

In the absence of a standing rule upon the subject in the state court, a stipulation by plaintiff extending defendant's time to plead or answer does not extend the time to remove the cause to the federal court, unless plaintiff's consent to such extension is expressed therein.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139–160; Dec. Dig. 🔑79.]

3. REMOVAL OF CAUSES 🔑81—TIME FOR REMOVAL—WAIVER.

The time for removing a cause to the federal court does not pertain to the jurisdiction, and the statutory limitation of the time for removal may be waived by plaintiff.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 137, 138; Dec. Dig. 🔑81.]

4. REMOVAL OF CAUSES 🔑79—TIME FOR REMOVAL—EXTENSION OF TIME TO PLEAD.

A state court cannot, without plaintiff's consent, by an order extending defendant's time to answer or plead, enlarge the time for filing the petition to remove a cause to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139–160; Dec. Dig. 🔑79.]

At Law. Action by Kate L. Williams against the Wilson Fruit Company. On motion to remand to the state court. Motion granted.

J. J. McCue and J. C. Johnston, both of Boise, Idaho, for plaintiff. McCready Sykes, of Boise, Idaho, for defendant.

DIETRICH, District Judge. [1] This cause was originally commenced in the district court of the Third judicial district of the state of Idaho, in and for Ada county. Summons was served on January 18, 1915, and thereby the defendant was required to appear and plead on or before February 17th. Thereafter this time was extended by stipulation until April 2d. In the meantime a motion for a receiver had been made by the defendant, with authority to issue receiver's certificates for certain purposes, which it is unnecessary here to explain. This motion had been submitted prior to, and was under advisement on, April 2d. Upon that day, without the consent or participation of counsel for the plaintiff, so far as the record shows, the court made the following order:

"Upon condition that the above-entitled action may be placed on the trial calendar for April, 1915, called on April 5, 1915, and set for trial on such day as the court may be able to try the same, although no answer is filed, or note of issue filed, by said April 5, 1915, the time of defendant to answer herein is hereby extended to and including four days after the date of the order of this court decisive of said defendant's motion herein for the appointment of a receiver, and the authorization of receiver's certificates."

At the foot of the order there is the following:

"As counsel for defendant, I hereby agree to the express conditions of the above order, and accept the extension of time above granted upon such conditions.          McCready Sykes, Attorney for Defendant."

🔑For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thereafter, on April 5th, the case was set down for trial for April 21st. The court being otherwise engaged, however, no trial was had upon the date fixed, and on April 24th, and within the time allowed by the order to answer, the defendant, in the form provided by law, filed its petition and bond for removal. The transcript of the record has been brought into this court by the plaintiff, who moves to remand, upon the ground that the removal proceedings were not taken within the time allowed by law. Section 29 of the Judicial Code provides that:

Whenever any party entitled so to do desires to remove a suit from the state court to a federal court, "he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of ＊ ﹡ ﹡ plaintiff, for the removal of such suit," etc.

The contention of the defendant is that, by virtue of the stipulations extending its time to appear and plead, the time within which it had the right to petition for removal was extended to April 2d, and that the order of April 2d enlarging the time to answer correspondingly enlarged the time for removal.

Upon the general question of the efficacy of a stipulation or order extending the time for pleading in the state court, to enlarge the time for removal proceedings, great diversity of opinion is disclosed in the decided cases. There is an apparent want of harmony even in this circuit. See Tevis v. Palatine, etc. (C. C.) 149 Fed. 560 (decided by Judge Wolverton); Heller v. Ilwaco, etc. (C. C.) 178 Fed. 111 (decided by Judge Bean); Hansford v. Stone-Ordean, etc. (D. C.) 201 Fed. 186 (decided by Judge Bourquin); Adams v. Puget Sound, etc. (D. C.) 207 Fed. 205 (decided by Judge Neterer). Many cases both pro and con are cited in 34 Cyc. 1276. Illustrative of the view that the period for removal proceedings cannot thus be enlarged are Ruby Canyon Gold Mining Co. v. Hunter (C. C.) 60 Fed. 305, and Wayt v. Standard, etc. (C. C.) 189 Fed. 231.

If we assume that a stipulation for time to plead in the state court operates to extend the time to remove, the defendant's time for such removal was thus extended only to and including the 2d day of April. If we further assume that a special order made by the state court granting further time to plead enlarges the time for removal, it is to be noted that the order of April 2d was upon the condition, expressly assented to by the defendant, that the cause should be placed upon the trial calendar for April, and called on April 5th, and set for trial at some date thereafter to suit the court's convenience. This was equivalent to a consent that the cause be tried upon its merits in the state court. It is suggested in the argument that it was known by the state court that the defendant did not intend to waive its right to remove; but there is nothing in the record to support that view, and the record facts must control. If there was any understanding that the defendant might at any time, notwithstanding its consent to a setting of the case for trial, remove the cause to the federal court, that understanding should in some way have been expressed in, or at least suggested by, the order; but the order and the consent thereto attached un-

equivocally convey the idea that the court would not have extended the time to answer, except upon the agreement that such extension should not operate to delay the trial of the cause, and, if removal can now be had, delay beyond what was contemplated will necessarily ensue. Defendant is bound by the conditions upon which the extension was made, one of which was that a trial should be had at such time as the state court should designate. Manifestly, if it can now bring the cause here, it will wholly escape the performance of this condition. Even among those cases in which it is held that stipulations and orders extending the time to plead operate to extend the time for removal proceedings, none is found supporting a removal under similar circumstances.

[2, 3] For these considerations alone, the motion to remand must be allowed. But, lest there be a misunderstanding as to the rule in this jurisdiction, it is appropriate that it be stated in more general terms. In the absence of a standing rule upon the subject in the state court, it is thought that a mere stipulation in, or order of, such court, extending the time to plead, does not operate to enlarge the time for filing a petition on removal. In some jurisdictions at least, where such stipulations are held to extend the time, the doctrine is predicated on the principle of estoppel. But it is difficult to see how a plaintiff can be estopped by his stipulation, unless it expressly or inferentially discloses an intention on his part to extend the time, not only for pleading, but for removal. His mere consent that the defendant may have additional time to plead in the state court does not imply an intent to enlarge the time for removing the cause to another court. It not infrequently happens that the plaintiff is very willing, under the conditions existing in the state court, to extend the defendant's time to plead, especially where such extension will not materially delay the final disposition of the cause. But if such extension ipso facto operates to enlarge the time to remove, the plaintiff may thus by inadvertence be doing the very thing which he is anxious to avoid, and a defendant may thus be enabled, by waiting until after the expiration of the term in the federal court, and then removing the cause from the state court, to very greatly delay the progress of the litigation. It is plainly the intent of the removal statutes that removals shall not be resorted to as dilatory measures. Moreover, if, as seems to be the view in some jurisdictions, such a stipulation ipso facto extends the time to remove, it is manifestly quite impossible to stipulate for an extension of time to plead without extending the time to remove. An express reservation in the stipulation, or any other unequivocal act, by which the plaintiff may attempt to guard against extending the time for removal, will be futile. I see no reason why it should be held that the plaintiff is without the power to waive the limitation of the time for removal. Time does not pertain to the jurisdiction; it is formal and modal, and for that reason may be waived by the party for whose benefit it is intended. Powers v Chesapeake, etc., Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. But such waiver is not effected by a stipulation which purports only to extend the time to plead. If the defendant desires further time to remove, the consent of the plaintiff to an extension should be expressed, as well as his consent to enlarge the time to plead.

[4] I am further of the opinion that without the consent of the plaintiff the state court cannot, by order, enlarge the time for filing the petition on removal. The limitation can be waived or set aside only with the consent of the party for whose benefit it is provided.

Let an order be entered remanding the cause to the state court.