### SALDIBAR et al. v. HEILAND RESEARCH CORPORATION, Inc.

#### No. 64.

District Court, S. D. Texas, Corpus Christi Division.

March 21, 1940.

Eskridge & Groce, of San Antonio, Tex., for defendant.

ALLRED, District Judge.

Plaintiffs filed this suit for damages on October 21, 1939, in the District Court of Live Oak County, Texas, against the named defendant and W. F. Odem. Citation issued and was served October 28th commanding the defendant to appear and answer therein on Monday, December 25, 1939. Thus service was had upon the removing defendant almost sixty days before the return date (the Texas statute, Art. 2009, R.C.S.1925, requiring service at least ten days before the first day of the term exclusive of the day of service and return).

According to a certificate of the State District Judge in the amended order of removal dated January 12, 1940 the term of court (having been fixed by statute), began December 25, 1939, "* * * and the Court having decided not to hold court on Christmas Day, or on Tuesday, December 26, 1939, because not practicable to hold court on such days and having ordered the Clerk to notify all counsel having appearance or other causes at this term that the court would not be open or available for the transaction of business, or call of the appearance docket, until Wednesday, December 27, 1939, at 10:00 a.m., in accordance with Art. 2153, R.S., and the defendant's attorneys in this cause having been so notified by the Clerk, but this order is made and entered before the close of this, the December, 1939, term of this court."

The term of the 36th Judicial District Court meeting in Live Oak County, Texas, is fixed by statute, Art. 199, R.C.S.Tex. 1925, to open "on the sixteenth Monday after the first Monday in September," this falling on December 25, 1939.

Article 2009, R.C.S.1925, requires the defendant to answer "on or before the second day of the return term, *and before the call of the appearance docket on said second day.*" (Italics supplied.)

Article 2152 reads as follows: "The second day of each term of the district or county court is termed appearance day."

Article 2153 reads: "On appearance day of each term, or as soon thereafter as practicable, the court shall call, in their order, all the cases on the docket which are returnable to such term."

Article 2154 reads: "Upon the call of the appearance docket, or at any time after

H. K. Stanfield and Charles J. Lieck, both of San Antonio, Tex., for plaintiffs.

appearance day, the plaintiff may take judgment by default against any defendant who has been duly served with process and who has not previously filed an answer."

Presumably because the State Court Judge had the clerk to notify counsel that he would not call the appearance docket until December 27th, defendant did not file its removal petition until that date, which was one day after appearance day. The petition and bond erroneously asked for the removal of the case to the United States District Court for the *Western* District of Texas. Later, upon this being called to the attention of defendant's counsel by the attorneys for plaintiffs, who also contended that the petition and bond for removal had been filed too late, defendant, with leave of the State Court Judge, and over plaintiffs' objections, amended the petition and bond so as to call for removal to the *Southern* District of Texas.

Plaintiffs move to remand on two grounds: first, that the petition, bond and order for removal could not be amended; second, that the petition and bond were filed too late.

Authorities are uniform that where the jurisdictional grounds for removal are correctly stated, matters of form or technical defects may be amended. A petition for removal incorrectly designating the division of the district to which the case was removed is subject to amendment. Hodge v. Chicago & A. Ry. Co., 8 Cir., 121 F. 48. See also Hadfield v. Northwestern Life Assurance Co., C. C. Wis., 105 F. 530; Wilcox & Gibbs Guano Co. v. Phoenix Ins. Co., C.C., 60 F. 929.

The cases cited by plaintiffs, Frisbie v. Chesapeake & O. R. Co., .C.C., 59 F. 369, Brigham v. C. C. Thompson Lumber Company, C.C., 55 F. 881, Thompson v. Ward, D.C., 199 F. 861, deal with *substantive* defects in a petition for removal.

The second ground raises a more serious question. The removal statute, Tit. 28, Sec. 72, U.S.C., 28 U.S.C.A. § 72, provides that the party entitled to remove "* * * may make and file a petition, duly verified, in such suit in such State court *at the time, or any time before the defendant is required by the laws of the State or the rule of the State court* in which such suit is brought *to answer or plead to the declaration or complaint of the plaintiff,* for the removal of such suit into the district court to be held in the district where such suit is pending * * *."" (Italics supplied.)

Authorities construing this statute are numerous and the question is not clearly settled. The weight of authority, however, is that the statute should be strictly construed; and that where the petition for removal is not filed in the State court before or at the time when the defendant is required by law to plead in that court, the case must be remanded. Martin v. Baltimore & O. Ry. Co., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311; Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Arrigo v. Commonwealth Casualty Co., D. C. Maryland, 41 F.2d 817; Wayt v. Standard Nitrogen Co. et al., C. C. Ga., 189 F. 231; American Fountain Supply & Products Co. v. California C. F. Corp., D. C. Minn., 21 F.2d 93; Adams v. Puget Sound Traction, Light & Power Co., D. C. Wash., 207 F. 205; Williams v. Wilson Fruit Co., D.C. Idaho, 222 F. 467; Thomason v. Davis et al., D.C.La., 51 F.2d 1059; Yuba City Box Co. v. Liverpool & London & Globe Ins. Co., D.C. Cal., 33 F.2d 909.

Under the Texas statute (Art. 2009, supra), the defendant is required to answer "on or before the second day of the return term, *and before the call of the appearance docket on said second day.*" (Italics supplied.) Of course, Art. 2153 contemplates the calling of the appearance docket on the second day; and while, if it is not practicable to call the appearance docket on the first day, the Court may call it thereafter, the statute itself does not authorize the defendant to *answer* after the second day. In fact, under Art. 2009, supra, the defendant is not given all of the second day to answer, but only such part of that day as transpires *before* the call of the appearance docket.

The Texas statute does not give the State district court the power to extend by rule the time for answer. The appellate courts, however, have held that, notwithstanding the statute, a defendant has the right to file an answer at any time before default judgment has been actually announced by the Court. World Co. v. Dow, 116 Tex. 146, 287 S.W. 241; City of Jefferson v. Jones, 74 Tex. 635, 12 S.W. 749. These cases, however, do not deal with the right of a defendant to file a petition and bond for removal under the Federal statute.

The identical question was presented in Wayt v. Standard Nitrogen Co., supra, where the Georgia Supreme Court had held

that defenses might be filed in State court at any time before default was entered. Judge Newman said [189 F. 233]:

"While it is true that under the state practice defenses may be entered if, by order of the court, stipulation of the parties, or probably if by inadvertence of the judge, default has not been entered, this does not alter the fact that the defense was due when the appearance docket was called. The very fact that a stipulation of the parties was necessary shows that the defense was due.

"The ruling of the courts of the United States therefore that neither order of the court nor stipulation of the parties can extend the time within which removal proceedings must be filed must control, and that ruling, as I understand it, is to the effect that the application for removal must be made at or before the time defenses are due, and not when, by reason of some extension of time, or failure to enter default in the state court, defenses might still there be filed."

 In the instant case strict adherence to the Federal removal statute seems at first blush to be a harsh rule, especially in view of the facts recited by the State District Judge as to his postponing the time for calling the appearance docket; but the same observation may be made as to statutory requirements for the filing of bills of exception or transcripts on appeal within a stipulated time, etc. Harsh though it may seem in some cases, yet, under the decisions, the State court does not have the power to extend the time within which a Federal right of this character may be asserted.

Suppose the State district court had concluded that on account of the holiday season, he would not call the appearance docket until after January first? More than a week would have elapsed. Would this have extended the time within which defendant might file its petition and bond for removal? I think not. Or, suppose the State district judge was ill and did not appear for the opening of the court; and the lawyers, out of deference, or for any reason, failed to elect a judge to call the appearance docket during the term, the case would automatically have gone over until the next term. One could hardly argue that this would extend to the next term the time for filing a petition and bond for removal.

All of the decisions agree that one of the prime purposes of the Federal stat-ute requiring the filing of a petition and bond for removal *at or before the time when the defendant is required to plead in the State court* is to expedite the transfer of cases which are entitled to be removed. If the State district court has the right to enlarge the time one day, then there is no reason why the time could not be extended indefinitely.

The fact that the court did not call the appearance docket until the third day of the term did not prevent the defendant from filing its petition and bond for removal on or before the second day of the term. Indeed, since service was had on October 30th, the petition and bond *could* have been filed almost sixty days before appearance day. As applied to the Texas statute, the controlling point is not when the appearance docket is, or will be, called, but when is the defendant required to plead under the law. Clearly his answer had to be filed "on or before the second day of the return term," which in this instance was on or before December 26, 1939.

Plaintiffs' motion to remand will be granted. Let an order be prepared in accordance with this memorandum.