Melvin F. **GARRETT**

v.

**BANKERS LIFE & CASUALTY CO. et al.**

Civ. A. No. 71–V–12.

United States District Court, S. D. Texas, Victoria Division.

Sept. 1, 1971.

Emmett Cole, Jr., Victoria, Tex., and Jack Fields, Port Lavaca, Tex., for plaintiff.

O. F. Jones, Victoria, Tex., Leslie Lockett, Corpus Christi, Tex., D. D. Crawford, Dallas, Tex., for defendants.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

This suit was originally filed as a civil action, No. 7127 in the District Court for Calhoun County, 135th Judicial District of Texas, on June 22, 1971, by Melvin F. Garrett against Sun Oil Company, Suntide Pipeline Company, Bankers Life & Casualty Company, and Atlas Life Insurance Company. Sun Oil Company and Suntide Pipeline Company were served with citation on June 28, 1971; Atlas Life Insurance Company was served on June 29, 1971; and Bankers Life & Casualty Company was served on July 9, 1971.

Defendant Atlas Life filed its answer in state court on July 14, 1971. Thereafter, Defendants Sun Oil and Suntide Pipeline filed, on July 19, 1971, their petition for removal to the United States District Court for the Southern District of Texas, Victoria Division, alleging that they have been informed, "* * * that said Bankers Life and Casualty Company and Atlas Life Insurance Company each intend to remove said action 7127 or adopt this removal thereof or otherwise join in or consent to such removal * * *."

Thereafter, on July 26, 1971, Sun Oil Company and Suntide Pipeline Company filed their answer in this present cause.

At this point, neither Atlas Life Insurance Company nor Bankers Life & Casualty Company had answered or filed a petition for removal, or filed any pleading purporting to join in or consenting to such removal, and shortly thereafter, on the 27th day of July, 1971, the Plaintiff herein filed his motion to remand this cause back to the state court, and, as the facts existed on that date, a remand would have been in order.

On July 28, 1971, Atlas Life Insurance Company filed a pleading designated as a joinder and consent to such removal, which was not sufficient to constitute a petition for removal, because it did not contain a proper statement of facts entitling such Defendant to removal nor "a copy of all process, pleadings and orders served upon [it]." 28 U.S.C. § 1446(a). On July 30, 1971, Bankers Life and Casualty Company filed its independent but complete petition for removal. Each petition and the so-called joinder and consent to removal was filed within the thirty (30) day requirement under 28 U.S.C., §§ 1441 and 1450, as amended.

The motion to remand was presented on August 9, 1971, and is now before this Court for its consideration.

First, the Court questions the effectiveness of the petition for removal of Sun Oil and Suntide because of its deficiency in not disclosing why the other two Defendants did not join in their removal petition. The language used, as quoted above, does not seem to meet that requirement. Heckleman v. Yellow Cab Transit Co., D.C., 45 F.Supp. 984. Nor does the record, independent of the removal petition, contain sufficient information as to reflect why the two insurance company Defendants were not parties to the removal petition. Browne Brothers Cypen Corporation v. Carner Bank of Miami Beach, Florida, et al., D.C., 287 F.Supp. 700. However, we'll assume their joint effort to remove was successful, and that the petition of Bankers Life was sufficient, except as same may have been ineffective because of the failure to actually join in a proper petition for removal or file one of its own.

Our initial problem is to resolve the effectiveness, if any, of the so-called joinder and consent to removal of Atlas Life, and, if it were not effective, then to determine what effect does the failure of removal by Atlas Life have on the removal by the other Defendants. We will start by pointing out that, as a general rule, the Federal removal statute must be strictly construed. Saldibar v. Heiland Research Corporation, 32 F.Supp. 248, S.D.Tex. This rule is sufficient to support the conclusion that the so-called joinder and consent to remove filed by Atlas Life has no authority in the removal statutes and is not sufficient to make it a party to the joint petition of Sun Oil and Suntide Pipeline. The case of Stangard Dickerson Corporation v. United Electrical Radio & Machine Workers of America, Local 1218, et al., D.C., 33 F.Supp. 449, indicates a consent separately filed is sufficient; but the Court is not willing to accept it as controlling.

Since we now have established that Atlas Life has failed to participate in the removal proceedings, we must consider whether there is any portion of this lawsuit that should remain with this Court or should the entire cause be remanded. First, it appears important to determine what cause of action Plain-

tiff has, if more than one, against any or all of the Defendants. The Court concludes that Plaintiff's claims against Atlas Life and his claim against Bankers Life are separate and independent from each other, since each is based upon a different policy of insurance, but in either instance Defendants Sun Oil and Suntide Pipeline ought also to be parties. So, as to each insurance company Defendant, a separate petition for removal could have been filed, but in each petition both Sun Oil and Suntide Pipeline would have had to join. The Court considers that the petition for removal of Sun Oil and Suntide and the petition of Bankers Life, when taken together, are proper and duly filed, and are sufficient to remove this cause as to them, except that Atlas Life has not properly petitioned to remove the case nor joined in any other removal petition. While, perhaps, only the cause of action against Atlas Life, Sun Oil and Suntide Pipeline should be remanded, this Court is of the opinion that this cause has not been properly removed and the motion to remand as to all parties should be granted.

It is, therefore, ordered that this cause is remanded.